JOHN C. LORAN *v.* CITY OF LOUISVILLE.

[Abstract Kentucky Law Reporter, Vol. 4—257.]

**Repeal of a Statute.**

    A statute is only repealed by an express provision of a subse-
quent law, or by necessary implication, and before a statute can be
repealed by implication there must be such a positive repugnancy
between the provisions of the statutes that they can not stand to-
gether or be consistently reconciled.

APPEAL FROM LOUISVILLE CHANCERY COURT.

September 28, 1882.

OPINION BY JUDGE HINES:

Appellant, clerk of the city court of Louisville, brought this
action to recover the sum of $50,000 claimed to be due him as
his percentage of fines assessed in the city court which were
satisfied by labor in the city work-house.

The question presented involves the inquiry as to whether the
following provision of the city charter is in force: "When par-
ties shall be committed to the city work-house, upon capiases
for fines issued upon judgment of the city court of Louisville,
and the same shall be satisfied in whole or in part by labor in
said work-house, the city shall not, on account thereof, be re-

quired to pay anything to the university and public schools aforesaid, or to any officer on account of his fees in the case." 2 Sess. Acts (1868), Ch. 1012, § 16. This provision became a law in March, 1868, but is claimed by counsel for appellant to have been repealed by the amendment to the charter adopted in 1870, which is as follows: "Said clerk shall receive an annual salary of $2,400, and be allowed the further sum of $1,200 annually as a salary for one deputy, to be paid monthly out of the city treasury, in lieu of all other fees or charges as now allowed by law, except the lawful fees and charges for naturalizations, and official copies of records and papers on file in his office, for which he may charge and receive pay in addition to his salary." 2 Sess. Acts (1870), Ch. 460, § 45.

Prior to the Act of March, 1868, the clerk of the city court was allowed as compensation for his services the same fees as were authorized to be charged for similar services by the circuit and county court clerks of the county of Jefferson and such other sums as the general council of the city might deem reasonable for services performed by him in cases where the parties had been committed to the city work-house.

The well established rule of construction is that a statute is only repealed by an express provision of a subsequent law, or by necessary implication. There must be such a positive repugnancy between the provisions of the statutes that they can not stand together or can not be consistently reconciled. This rule not only applies when both the statutes are of general nature but as well where they are both of local application to the same subject-matter. In this instance there is no express repeal nor is there any such repugnancy as to operate as a repeal by implication. The statute fixing a salary "in lieu of all other fees" is certainly inconsistent with the law allowing compensation by fees, but not inconsistent with the provision forbidding the compensation in cases where the fine was discharged by labor in the work-house. The salary was evidently intended, as expressed, to be in lieu of and to take the place of such compensation as had previously been allowed to be derived through fees, but not in terms, or by implication, to allow compensation for services

in cases where the law had expressly declared that no fees should be collected or compensation received.

Judgment *affirmed*.

*Wm. Lindsay, A. Duvall, for appellant.*

*Gilbert Burnett, T. L. Burnett, for appellee.*