### State Insurance Board of Kentucky v. Greene, Auditor, and Colyer v. Gray.

(Decided June 6, 1919.)

Appeal from Franklin Circuit Court.

1.    Officers—Abolition of.—Offices created by the legislature may be abolished by the same body by saying so in a later act, without an express repeal of the statute creating the abolished office.

2.    Officers—Abolition of—Constitutionality of Act.—The State Insurance Board having been abolished by the act of 1918, neither said board, nor its members, can maintain a suit to test the constitutionality of said act.

3.    Statutes—Where Part of Unconstitutional.—Where a part of a statute is unconstitutional and this portion is stricken out, if that which remains is complete in itself and capable of being executed

in accordance with the apparent legislative intent, wholly independent of that which was rejected, it will be sustained.

4.  Statutes—Construction—Legislative Intent.—It is the duty of the court to construe statutes in accordance with the legislative intent, since it is always to be presumed the legislature designed the statute to take effect and not be a nullity.

5.  Statutes—Enforcement—Restrictions Upon.—Any legislative act which does not encroach upon the powers apportioned to the other departments of the government, being prima facia valid, must be enforced, unless restrictions upon the legislative authority can be pointed out in the Constitution and the case shown to come within them.

6.  Officers—Abolition by Implication.—An office is abolished by implication where a statute transfers all of its functions to another officer.

7.  Officers—Appointment—Removal.—Where the power of appointment is conferred in general terms and without restriction, the power of removal in the discretion and at the will of the appointing power is implied, and always exists unless restrained and limited by some provision of law.

E. C. O'REAR and J. C. JONES for appellants.

CHARLES H. MORRIS, Attorney General, and D. O. MYATT, First Assistant Attorney General, for appellees.

OPINION OF THE COURT BY JUDGE QUIN—Affirming.

Appellant, the State Insurance Board, filed this agreed case against the appellee, Greene, Auditor, to test the constitutionality of an act of the General Assembly of this Commonwealth, approved March 26, 1918, being chapter 38 of the Acts of 1918, and which is as follows: "An Act to enlarge and extend the powers, duties and privileges of the Insurance Commissioner and providing for the appointment of a Superintendent of Fire Insurance Rates and prescribing his duties and fixing his salary, and abolishing the State Insurance Board, and attorney therefor:

"Be it enacted by the General Assembly of the Commonwealth of Kentucky.

"1.   There is hereby created in the insurance department the office of superintendent of fire insurance rates who shall be appointed by the Auditor for a term of two years and thereafter for a term of four years and who is hereby invested with the authority to and shall discharge all the powers, duties and privileges conferred by law upon the State Insurance Board.  Said superintendent

shall reside in Franklin county, Kentucky, and shall devote his undivided time to the duties of his office. He shall be paid an annual salary of three thousand six hundred dollars, payable monthly by warrant of the Auditor drawn upon the treasurer of this state.

"2. That section 762d, of Carroll's edition of the Statutes of 1915 relating to the creation of State Insurance Board, the creation of secretary of said board and the appointment of an attorney therefor be and the same is hereby repealed and the office of the present incumbents are hereby terminated.

"3. Any sum paid by insurance companies under the law now in operation, to maintain the Rating Board, in excess of expenses and salaries, under the law, shall be paid into the state treasury as general fund.

"4. All laws and parts of laws in conflict herewith are hereby repealed."

The suit of Colyer, one of the members of the board, against Gray, acting superintendent of fire insurance rates, was to provide against any technical objection that might be urged against the power of the board to prosecute the action, the sole object of both suits being to settle the question as to the validity of the act.

The General Assembly in 1912, created the State Insurance Board and the office of attorney for said board, and provided for the regulation of fire insurance rates.

Amendatory acts were passed in 1914 and 1916, and in 1918 the act involved here.

An injunction against appellees granted by the circuit judge was dissolved by Judge Thomas of this court, and thereafter a demurrer to the petition was sustained. Plaintiffs (appellants) declined to plead further, the petition was dismissed and this appeal taken.

Section 51 of the Constitution provides:

"No law enacted by the General Assembly shall relate to more than one subject, and that shall be expressed in the title, and no law shall be revised, amended, or the provisions thereof extended or conferred by reference to its title only, but so much thereof as is revised, amended, extended or conferred, shall be re-enacted and published at length."

It is insisted, (1) that the title of the 1918 act does not conform to this section; (2) that the act undertakes to legislate by reference to other statutes, adopting parts thereof by reference, and by like reference, repealing

other parts thereof; (3) that the 1914 act (sec. 762d Ky. Stats. Carroll's Ed. 1915) was and is unconstitutional and had been so declared by the Franklin circuit court; (4) that said sec. 762d had in terms been repealed by the act of 1916, and any attempt of the 1918 act to revive and adopt any of the provisions of the repealed act of 1914 by reference thereto, was void; and (5) that the legislature was without power to abolish the appellant board or to legislate any of its members out of office before the end of their term, without repealing the act under which they were appointed, or repealing the section of the act creating the office and re-enacting same in the manner pointed out by the Constitution.

Appellee concedes that sec. 762d was and is unconstitutional, had been so declared, and was specifically repealed by the act of 1916, and further there is no contention that the 1918 act did or attempted to revive or adopt any of the provisions of the 1914 act by reference thereto or in any other way, hence certain contentions of appellant are not contested.

In this opinion on the motion to dissolve the injunction Judge Thomas said:

"According to our view the reference in section 2 of the act in question to section 762d of Carroll's Statutes, 1915 edition, is mere surplusage, and that the section contains enough to abolish the State Insurance Board and the offices of secretary and attorney therefor, and we think that such abolishment of the offices may be made by the legislature by saying so in an act without an express repeal of the statute creating the abolished office. This being true the plaintiffs as members of the board have no interest in the matter and cannot maintain this suit. This renders it unnecessary to determine the first question raised and alluded to above, since no rights of plaintiffs are invaded by the contemplated action of the auditor which is sought to be enjoined. It results therefore that the injunction granted by the judge of the Franklin circuit court as prayed for in the petition should have been denied and the motion made before the undersigned for the purpose of dissolving that injunction is sustained and the injunction is dissolved."

Counsel for appellants frankly admit in their brief that if this court should be of the opinion the act in question is sufficient to abolish the board, then, as stated in

the foregoing opinion, it would follow that this court has nothing further to do but to affirm the judgment.

We see no reason to depart from the conclusion reached by those who heard the motion for dissolution of the injunction, as announced by Judge Thomas.

If we eliminate section 2 of the 1918 act, referring to sec. 762d, which latter statute has been held unconstitutional by the Franklin circuit court and expressly repealed by the act of 1916, we have both in the title and body of the 1918 act, language sufficient to abolish the State Insurance Board and the offices of secretary and attorney therefor.

Appellant argues that the only purpose of repealing so much of the existing law as created the State Insurance Board was to get rid of the members of the board— not their duties—and citing I. C. R. R. Co. v. Commonwealth, 154 Ky. 332, as an authority it is urged that when an invalid part of a statute may be separated from the valid part so much as is valid may be sustained, but when the part that is invalid is of the substance of the act, and it may be presumed that the legislature would not have passed the act at all but for the invalid part, the whole act is invalid.

We think this a fair statement of the rule, and this agrees with the text found in Cooley on Constitutional Limitations at page 247.   Stated in another way, where a part of a statute is unconstitutional and this portion is stricken out, if that which remains is complete in itself, and capable of being executed in accordance with the apparent legislative intent, wholly independent of that which was rejected, it must be sustained.

Quoting further from Cooley on Const. Lim. at page 255, we find:

"The duty of the court to uphold a statute when the conflict between it and the Constitution is not clear, and the implication which must always exist that no violation has been intended by the legislature, may require it in some cases, where the meaning of the Constitution is in doubt, to lean in favor of such a construction of the statute as might not at first view seem most obvious and natural.   For as a conflict between the statute and the Constitution is not to be implied, it would seem to follow, where the meaning of the Constitution is clear, *that the court, if possible, must give the statute such a construction as will enable it to have effect.*   This is only saying,

in another form of words, that the court must construe the statute in accordance with the legislative intent; since it is always to be presumed the legislature designed the statute to take effect, and not to be a nullity."

And on page 236 the same author states:

"The rule of law upon this subject appears to be, that, except where the Constitution has imposed limits upon the legislative power, it must be considered as practically absolute, whether it operate according to natural justice or not in any particular case. The courts are not the guardians of the rights of the people of the state, except as those rights are secured by some constitutional provision which comes within the judicial cognizance. The protection against unwise or oppressive legislation, within constitutional bounds, is by an appeal to the justice and patriotism of the representatives of the people. If this fail, the people of their sovereign capacity can correct the evil; but the courts cannot assume their rights. The judiciary can only arrest the execution of a statute when it conflicts with the Constitution. It cannot run a race of opinions upon points of right, reason, and expediency with the law-making power. Any legislative act which does not encroach upon the powers apportioned to the other departments of the government, being *prima facie* valid, must be enforced, unless restrictions upon the legislative authority can be pointed out in the Constitution, and the case shown to come within them."

The manifest intention of the legislature was to abolish the State Insurance Board, and the offices of secretary and attorney therefor. This has effectively been accomplished, and obeying that canon of construction above stated, it is our duty to sustain the act in question. Though the court might be of the opinion that a statute is unjust, unwise or oppressive it is powerless to intervene and declare it invalid, if the law be within constitutional limits.

Authorities from other jurisdictions are cited in support of the proposition that the legislature cannot, by changing the name of the office, abolish the officer, and continue the same office in existence, without abolishing the act creating the office. Repeals by implication are not favored, and while the act in question does not expressly repeal the statute creating the State Insurance

Board, and the secretary and attorney therefor, we think the language of the act sufficient to abolish said offices. An office is abolished by implication where a statute transfers all its functions to another officer. People v. Henshaw, 76 Cal. 436.

In Throop on Public Officers, sec. 19, it is said:

"It is therefore well settled in the United States, that an office is not regarded as held under a grant or a contract within the general constitutional provision protecting contracts, but, unless the Constitution otherwise expressly provides, the legislature has power to increase or vary the duties, or diminish the salary or other compensation appurtenant to the office, or abolish any of its rights or privileges, before the end of the term, or to alter or abridge the term, or to abolish the office itself."

In Johnson, etc. v. Ginn & Co., 12 Rep. 1475, we said:

"Where the power of appointment is conferred in general terms and without restriction, the power of removal in the discretion and at the will of the appointing power is implied, and always exists unless restrained and limited by some provision of law."

If one party offers to perform his agreement but is prevented by the other, he can recover the whole compensation or damages, but employment in a public office creates no such rights or liabilities. Wheatley v. City of Covington, 11 Bush, 18.

Sinking Fund Comm'rs, etc. v. George, etc., 104 Ky. 260, involved the constitutionality of the act creating the Board of Penitentiary Commissioners. The terms of the three members were fixed at two, four and six years. The provision as to the six year term being violative of the constitution was eliminated, the court saying:

"If the unconstitutional portion of an act can be stricken out, and that which remains is complete in itself, and capable of being executed in accordance with the apparent legislative intent, wholly independent of that which is rejected, it must be sustained."

The court held that the act repealed the law making the Sinking Fund Commissioners *ex officio* directors of the penitentiaries and vested the control of the penitentiaries in the Board of Commissioners.

Concluding its opinion the court says:

"The Act does not in express terms say that the offices are abolished, but it does repeal the law under which the officers were appointed. If the act under considera-

tion had repealed the law under which they were appointed, without creating an authority to govern the penitentiaries, it could not be contended that the Commissioners of the Sinking Fund and their appointees continued in office. Does the mere fact that the act which repeals the law under which they held their positions provides that the new authority shall call to their aid certain persons who may bear the same official designation and perform the same duties, operate to keep them in office? We think not.''

Great care did not enter into the drafting of the 1918 statute; it is crude and inartistic, and yet, obedience to the established rules of statutory construction impels us to hold that said act is sufficient to abolish the State Insurance Board and the offices of secretary and attorney therefor. This being true the judgment appealed from must be affirmed.

Whole court sitting.