## Gibson v. Commonwealth.

(Decided May 15, 1925.)

# Appeal from Fayette Circuit Court.

1. Constitutional Law—Construction Validating Statute Will be Adopted, if Possible, in Preference to One by which it would be Unconstitutional..—Where two constructions of a statute are possible, that one validating it will be adopted in preference to the one by which it would be unconstitutional.

2. Statutes—Provision of Amendatory Act Held Intended to Preserve Existing Act in Part and Invalid Because Not Setting it Out.—Acts 1922, c. 97, amending Ky. Stats., section 1159, prescribing penalty for burglary and robbery, provides penalty for burglary, and then provides that it shall not affect penalty for robbery, held, that, in view of Ky. Stats., section 459, this last provision is an attempt to preserve existing provisions as to robbery without setting them out, and hence in violation of Constitution, section 51.

3. Statutes—Invalidity of Portion of Statute on which Other Portions are Dependent, Fatal to Whole Statute.—Although generally, invalid sections of statute may be eliminated without affecting valid portions if clearly separable, where valid and invalid provisions are so dependent upon each other, or so connected as to show legislature intended them as a whole, entire statute must fail.

4. Statutes—Burglary Statute, Containing Invalid Attempt to Re-enact Robbery Statute, Invalid in Whole.—Acts 1922, c. 97, amending Ky. Stats., section 1159, so as to make burglary capital offense, and attempting to maintain former penalty for robbery, which last provision was in violation of Constitution, section 51, as being re-enactment through mere reference to title, held invalid in entirety, as elimination of invalid provision would leave no provisions relative to robbery, which could not have been intended.

OWEN S. LEE and NEIL G. SULLIVAN for appellant.

FRANK E. DAUGHERTY, Attorney General, and GARDNER K. BYERS, Assistant Attorney General, for appellee.

OPINION OF THE COURT BY DRURY, COMMISSIONER—Reversing.

The former opinion in this case will be found in 204 Ky. 748, 265 S. W. 339. This man was tried and con-

victed under an act of the General Assembly of Kentucky, which is chapter 97, Acts of 1922, page 253. In his brief, appellant's counsel insisted that this act is unconstitutional, and now by a petition for rehearing he has renewed the attack upon different grounds. This act originated in the Senate as Senate Bill 88, and as introduced and first passed by the Senate it read:

> "An act to amend section 1159, Kentucky Statutes, Carroll's 1915 edition, relating to burglary and robbery That section 1159, Kentucky Statutes, Carroll's 1915 edition, be amended and re-enacted, so that when so amended and re-enacted said section shall read as follows: 'Every person guilty of robbery or burglary shall be punished with death, or confinement in the penitentiary for life, in the discretion of the jury.'"

When this bill reached the House, it was amended by striking out the words, "robbery or" and adding:

> "This act shall not affect the statute or law of the state denouncing any penalty for robbery not accompanied by an act of burglary."

After this amendment, the bill passed the House, repassed the Senate, and was approved by the Governor. Omitting the title, the act in question as passed and approved consists of two sentences, and is:

> "Every person guilty of burglary shall be punished with death, or confinement in the penitentiary for life, in the discretion of the jury.
> "*This act shall not affect the statute or law of the state denouncing any penalty for robbery not accompanied by an act of burglary.*"

The addition of this second sentence has been the cause of much confusion. It has not been an easy matter to ascertain just what the legislature sought to accomplish by adding it. If by adding this sentence, the legislature sought to prevent simple robbery being made a capital offense, then these words were unnecessary, and are mere surplusage, and they can be disregarded, and the remainder of the act held constitutional. If, by the addition of this last sentence, the legislature sought to retain the then existing law against robbery, this last

sentence was unconstitutional because by section 51 of the Constitution, it is expressly provided:

"No law enacted by the General Assembly shall relate to more than one subject, and that shall be expressed in the title, and no law shall be revised, amended, or the provisions thereof extended or conferred by reference to its title only, but so much thereof as is revised, amended, extended or conferred, shall be re-enacted and published at length."

Thus we have two possible interpretations of this last sentence. To adopt the first interpretation would make the law constitutional; to adopt the second would make it unconstitutional. It is an elementary principle that where the validity of a statute is assailed, and there are two possible interpretations, by one of which the statute would be constitutional, and by the other it would not, it is the duty of the court to adopt that construction which would uphold it. Accordingly, we adopted the first interpretation in our original opinion, and held this act constitutional. We are now convinced that that was erroneous for these reasons: Robbery has ever been a crime, and there has never been found a human society, no matter how crude, that did not, by its laws and customs, denounce it as a crime, and seek to punish the robber. Burglary is an old crime; but men robbed each other of their goods before they had houses in which burglaries could be committed, and we cannot presume that the legislature of Kentucky intended to allow robbery in Kentucky to go unpunished, or to cease to denounce it as a crime; yet if we adopt the first interpretation proposed, this act would have that effect. In section 459 of the statutes, we find: "All statutes shall be construed with a view to carry out the intention of the legislature." What did the legislature intend to do? There is no indication that it intended to repeal the salutary provisions of section 1159. On the contrary, in the very title of the act it is stated that the purpose of it is "to amend section 1159 relating to burglary and robbery." To amend means to improve, to make better, to strengthen. Yet the effect of what the legislature did, if this act is valid, is to repeal section 1159, so far as robbery is concerned.

It is evident from a reading of the second sentence of the act that the legislature never intended to repeal that section, for it is expressly stated there that the act

shall not affect the statute or law against robbery not accompanied by an act of burglary. We are now convinced that our former interpretation of this act is erroneous. This second sentence is not surplusage, but is an integral part of the act, and without the addition of the second sentence, the legislature would never have passed the act. It had an opportunity to pass the act without the second sentence. It refused to do so, and amended the act by adding the second sentence before it would pass it.

Generally, invalid sections of a statute may be eliminated without affecting valid portions, if the valid portions are so clearly separable from the invalid ones that they can stand, and be operative without the assistance of the invalid ones; but if the valid and invalid provisions are so dependent, each upon the other, or so connected, each with the other as to warrant the belief that the legislature intended them as a whole, and would not have enacted the statute unless all provisions could be carried into effect, the whole of the statute must fail. In support of this see Neutzell v. Williams, 191 Ky. 351 230 S. W. 942; State Ins. Board of Ky. v. Greene, 185 Ky. 190, 213 S. W. 218, and I. C. R. R. Co. v. Commonwealth, 154 Ky. 332, 157 S. W. 687.

When the second sentence of this act is eliminated, and the first sentence upheld, there is left no provision for the protection of our citizens against robbery, a situation which it is very apparent that the legislature never contemplated. We are, therefore, compelled to hold that the legislature intended this act as a whole, and that without the second sentence, it would not have passed it. The second sentence is clearly unconstitutional because it seeks to preserve the provisions of the law relative to robbery without their being re-enacted and published at length and as it is unconstitutional, the first must go with it, and the whole act must fail. So much of the former opinion as holds this act constitutional, affirms the judgment and denies to appellant a new trial is now withdrawn. Appellant's petition for rehearing is sustained; the judgment is reversed, and the cause remanded for a new trial consistent herewith.

The whole court sitting.