## Security Trust Co. et al. v. City of Paris et al.

(Decided June 16, 1936.)

RALPH CONNELL for appellant.

NEVILLE C. FISHER for appellant Grant Overby.

RAYMOND CONNELL for appellees.

OPINION OF THE COURT BY JUDGE REES—Affirming.

In 1934 the city of Paris purchased certain additional machinery and equipment for its municipally owned electric light and power plant, and on October 23, 1934, the board of commissioners of the city adopted an ordinance authorizing the issuance of 6 per cent. Electric Light Plant Revenue Certificates of the city of Paris, in the principal sum of $69,463, for the purpose of paying for the machinery and equipment which had been purchased. These revenue certificates are payable solely out of a fixed portion of the revenues from the municipally owned electric light plant, and are not direct obligations of the city. Out of the revenues of its electric light plant the city has paid the interest on these certificates and has paid all certificates which have matured. There are now outstanding 6 per cent. revenue certificates in the principal sum of $48,463. The holder of these certificates has consented to their redemption by the city before maturity at par, with accrued interest thereon, and the city proposes to issue refunding bonds in the sum of $48,000, to be known as Electric Light Plant Revenue Bonds, and to bear interest at the rate of 4 per centum per annum. The Security Trust Company has agreed to purchase these bonds at par and to pay the accrued interest thereon. This is a proceeding under the Declaratory Judgment Act to have determined the validity of the proposed bonds. Wright Overby, a citizen and taxpayer of the city, was made a defendant, and an order was entered authorizing and empowering him to defend the action for and in behalf of all other taxpayers of the city similarly situated and also for and in behalf of all other patrons of the electric light plant.

The circuit court adjudged that the city of Paris had authority to acquire additional machinery and equipment for its electric light and power plant and to issue its Electric Light Plant Revenue Certificates payable solely out of a fixed portion of the revenues of the light plant, and that it has authority to issue the proposed 4

per cent. Electric Light Plant Revenue Bonds and to pay off the outstanding indebtedness with the proceeds thereof, and that such bonds, when issued, will not constitute an obligation of the city within the meaning of sections 157 and 158 of the Constitution.

The authority of the city of Paris, a municipality of the fourth class, to acquire additional machinery and equipment for its municipally owned electric light and power plant and to issue and sell its Electric Light Plant Revenue Certificates, or bonds, to pay therefor is found in section 3490-36, Kentucky Statutes, which provides that

> "The legislative body or governing authority of the several cities of the fourth class within the Commonwealth of Kentucky are granted and vested with the power to provide such cities and the inhabitants thereof and all persons therein with water, gas, electric power, light, heat, telephone and telegraph service by contract with any person, firm or corporation, or by works and facilites owned or leased by ʳuch cities of the fourth class, located either within or beyond the boundaries thereof."

This precise question was presented in Reconstruction Finance Corporation v. City of Richmond, 249 Ky. 787, 61 S. W. (2d) 631, and it was held that Richmond, a city of the fourth class, had power to acquire a gas plant and to issue, for necessary improvements and alterations, bonds payable out of revenues derived from the plant.

There can be no doubt concerning the power of the city to refund the original issue of bonds. The proposed bonds are to have all the characteristics of and are to be payable in the same manner as the outstanding certificates except that they bear a lower rate of interest. In State Highway Commission of Kentucky v. King, 259 Ky. 414, 82 S. W. (2d) 443, 446, it was held that bridge revenue bonds payable only out of funds derived from toll bridges could be refunded. It was said in that case:

> "The implied power to refund outstanding bonds at a lower interest rate and thus, in effect, to reduce the indebtedness is a necessary incident of the powers expressly conferred in view of the purpose of the toll bridge acts."

849

In Cook v. City of Louisville, 260 Ky. 474, 86 S. W. (2d) 157, the power of the Louisville Bridge Commission to refund City of Louisville Bridge Revenue Bonds, which were payable solely out of revenues collected for the use of the bridge, was sustained. It was held that the refunding did not create a new indebtedness, and that the refunding bonds were mere substitutes for the original ones.

Since the bonds proposed to be issued by the city of Paris will be payable solely out of a fixed portion of the revenues of the municipally owned electric light plant, they will not constitute an indebtedness of the city in violation of sections 157 and 158 of the Constitution. Francis v. City of Bowling Green, 259 Ky. 525, 82 S. W. (2d) 804; Kentucky Utilities Co. v. City of Paris, 248 Ky. 252, 58 S. W. (2d) 361; Wheeler v. Board of Commissioners, 245 Ky. 388, 53 S. W. (2d) 740; Williams v. City of Raceland, 245 Ky. 212, 53 S. W. (2d) 370.

The judgment of the circuit court was proper in all respects, and it is affirmed.