# Daniel v. Johnson County et al.

(Decided Jan. 19, 1937.)

ELDRED E. ADAMS for appellant.

E. S. WILLIS and W. J. WARD for appellees.

OPINION OF THE COURT BY JUDGE REES—Affirming.

Johnson County brought this action in the Johnson circuit court against Daisy M. Daniel, a citizen and taxpayer of the county, to obtain the court's approval of a proposed bond issue of $56,000, to refund outstanding bonds aggregating that amount which were issued in 1929 to fund a floating indebtedness of the county.

It appears that the county had a floating indebtedness of $68,000 in 1929, and that funding bonds in the amount of $62,000, bearing interest at the rate of 5½ per cent. per annum, were issued, and with the proceeds of their sale a like amount of outstanding warrants were taken up. The remainder of the floating indebtedness was liquidated out of current revenues. A tax has been levied annually to pay the interest on and create a sinking fund to pay off the principal of the funding bonds, and they have been reduced in amount to $56,000. The holders of the bonds have agreed to exchange them for refunding bonds bearing a lower rate of interest, and the purpose of this proceeding is to have the validity of the proposed bonds determined and the issuance thereof approved, as required by sections 186c-6 and 186c-7 of the Kentucky Statutes.

The pleadings, proof, and exhibits show that the floating indebtedness funded in 1929 was due entirely to failure to collect revenues during the years 1915 to 1928, inclusive. The total assessed valuation of property, the amount of anticipated revenue, the amount collected,

and the amount expended during each of these years was shown. In none of the years in question did the expenditures exceed the anticipated revenue. It also appears that the amount of the proposed bonds, when added to the existing indebtedenss of the county, will not exceed the constitutional limitations (Const. sec. 158). The record shows that the proceeds from the sale of the funding bonds issued in 1929 were used to take up outstanding valid warrants of the county, and it follows that the proposed refunding bonds, which will be substitutes for the original ones, will constitute valid obligations of the county. Bartlett v. City of Winchester, 261 Ky. 694, 88 S. W. (2d) 698; Security Trust Company v. City of Paris, 264 Ky. 846, 95 S. W. (2d) 781.

The judgment of the circuit court approving the issuance of the proposed bonds was correct, and it is affirmed.