## Swann, et al. v. City of Murray, et al.

(Decided January 10, 1912.)

Appeal from Calloway Circuit Court.

1.  Cities of Fifth Class—Maintenance of Water and Light System by—Provision of Statute.—Authority of cities of the fifth class to own and maintain light and water systems is conferred by sec-

tion 3637 Kentucky Statutes, which empowers the city council " to contract for supplying the city with water and lights."

2. Ordinances—Relating to More Than One Subject—Section 51, Const. Intended to Apply only to General Assembly.—The provisions of section 51 of the Constitution were intended to apply only to laws enacted by the General Assembly, and not to ordinances passed by a city council, except as provided by the charters of first and second class cities.

3. Action to Enjoin Issue of Bonds.—No reason being shown for enjoining the sale of the bonds, the injunction was properly refused.

E. P. PHILLIPS for appellants.

COLEMAN & WELLS for appellees.

OPINION OF THE COURT BY JUDGE SETTLE—Affirming.

Appellants, who are residents and taxpayers of the city of Murray, brought this action against the appellees, city of Murray, the mayor and members of the city council, to enjoin the issuance and sale by the city of $23,000 of bonds for the purpose of erecting and maintaining water works and an electric light plant, or either, for the use of its inhabitants.

The petition attacked the validity of the bonds and of the election held to take the sense of the voters as to whether they should be issued; also the constitutionality of the ordinance ordering the election, and denied the right of the city to construct or own water works or an electric plant.

Appellees, by answer, traversed the averments of the petition and set forth the facts showing the passage by the city council of the ordinance requiring the holding of the election to determine whether the bonds should be issued, the notice thereof given the voters of the city, the holding of the election as required by the ordinance, and that two-thirds of the voters of the city participating in the election voted in favor of the issuance of the bonds.

Appellants filed a demurrer to the answer, which the circuit court overruled. They declined to plead further and judgment was then entered by the court refusing the injunction and dismissing the petition; and from that judgment this appeal is prosecuted.

Appellants' first contention is that a city of the fifth class, to which Murray belongs, is without authority in

law to own or maintain a water works system or electric light plant.

Appellants' counsel have failed to call our attention to any adjudicated case sustaining this contention. We think such authority is conferred upon cities of the fifth class by section 3637, Kentucky Statutes, which empowers the city council "to contract for supplying the city with water and lights." This can better be done by the council's contracting for the construction of water works or a lighting plant to be owned and controlled by the city, than to be dependent for water or lights upon such plants owned by individuals or corporations, whose power to fix the cost of water and lights used by the inhabitants of the city would exceed that of the city authorities. In either case the matter of supplying the inhabitants of the city with water and lights would be effected by the city council under the power conferred upon it by the statute, "to contract" for the water and lights.

In Fidelity Trust Co. v. Mayor and Council of Morganfield, 96 Ky., 563, this court recognized the right of Morganfield, a city of the fifth class, to own and maintain a water works system for the use of its inhabitants, and sustained its authority to issue and sell bonds for the purpose of raising the money to construct the plant and put it into operation.

Appellants' second contention is that the ordinance submitting to the voters of the city of Murray the question whether the bonds should be issued, and the election held thereunder, were invalid because of the dual form of the proposition voted upon. In other words, that the ordinance as expressed relates to more than one subject and is, therefore, violative of section 51 of the Constitution.

This contention is, in our opinion, as untenable as the first. In the case of Kentucky Light & Power Co. v. Jas. H. Williams, &c., 124 S. W., 840, in which the same contention was made as to an ordinance passed by the city council of Hartford, ordering an election to determine whether bonds of the city should be issued, we held that section 51 of the Constitution which provides in part that "no law enacted by the General Assembly shall relate to more than one subject and that shall be expressed in the title," was, as is obvious from its language, intended to apply alone to laws enacted by the General Assembly and such was the conclusion expressed in the case of

Tuggles v. Commonwealth, For Use, &c., 30 R., 1071, in the opinion of which it is said:

"This section (51) of the Constitution is by its terms confined to laws enacted by the General Assembly and can not be extended by implication, or inference to embrace ordinances adopted by a city council. The Legislature might provide in the charter, or acts of incorporation, that the subject matter of ordinances should be expressed in the title, as was done in the charter of first and second class cities (sections 2777 and 3059, Kentucky Statutes), but in the charter of cities of the fourth class, we find no provision of this kind."

In the opinion in Kentucky Light and Power Co. v. Jas. H. Williams, et al., supra, we said, after quoting the above excerpt from Tuggles v. Commonwealth, For Use, &c., "We may add that no such provision is to be found in the charter of cities of the fifth class to which Hartford belongs."

It is patent that the validity of the ordinance in the case at bar is not, as claimed, affected by its dual character.

By the terms of the ordinance the question submitted at the election was, in substance, shall the city council issue and sell bonds of the city of Murray to the amount of $23,000, for the purpose of installing and maintaining an electric light and water works system, or either of these systems, for the city? It can not be said that the voters of the city were unable to understand the proposition, in the alternative form, thus submitted for their approval or rejection. After all is said, the proposition embraces but one subject, viz: The issuance of the city's bonds in a given amount, which the city council can not exceed, though the proceeds of the bonds be used for both, or only one of the purposes contemplated by the ordinance. Obviously, under the vote taken the council must construct both systems if the proceeds of the bonds be sufficient. Otherwise, it must construct one of them, and neither the validity of the ordinance nor the election can be affected by the fact that to the city council is left the discretion to determine whether both, or only one of the plants shall be established, and if its decision be to establish but one, whether it shall be the water works, or electric light plant.

In the case of City of Louisville v. Board of Commissioners, 112 Ky., 409, an ordinance, which submitted to the voters of the city of Louisville, the question

whether bonds of the city to the amount of $500,000, should be issued for establishing ''parks and sewers,'' was attacked on the ground that it was void, because in conflict with section 51 of the Constitution and a provision of the city charter of the same meaning. But we rejected the contention, holding that ''the subject of the ordinance was single. It was the issuance of the city's bonds to the amount of $500,000. The mere statement of the purposes for which the proceeds of the bonds were to be expended does not vitiate the submission of the single question whether the liability is to be incurred. As said by the chancellor, 'It is a protection to the voter, rather than a danger.' * * * It can hardly be doubted that if the question submitted had been whether the city should incur this liability, without any statement of the purpose, it would have been a proper submission, so far as the form of the question is concerned.''

There is no provision of the Constitution or in the charter of cities of the fifth class, prohibiting the submission to the voters of the city of Murray in the manner directed by the ordinance under consideration, the question whether its bonds to the amount of $23,000 should be issued as therein contemplated, and as it is conceded that more than two-thirds of the voters participating in the election voted in favor of the issuance by the city of the bonds, and that the issuance and sale of the bonds, together with the previously existing liabilities of the city, would not create an indebtedness, exceeding three per cent. of the value of the taxable property of the city, or require a rate of taxation, exclusive of the school tax, in excess of 75 cents on each $100 worth of its taxable property; in view of these facts and of the foregoing authorities, it is our conclusion that no reason was shown by appellants for enjoining the sale or issuance of the bonds. Wherefore, the judgment of the circuit court is affirmed.

The whole court sitting.