W. H. HART et al., Appellants, v. BOARD OF EDUCATION OF NEVADA SCHOOL DISTRICT and GEORGE E. LOGAN et al., Directors.

In Banc, June 1, 1923.

1. **VOTING BONDS: Double Proposition: Legal Fraud.** The vice of doubleness in submissions at elections is universally condemned. It is regarded as a species of legal fraud, because it may compel

the voter, in order to get what he earnestly wants, to vote for something he does not want.

2. ———: ———: **Application.** It is often difficult to determine whether a submission of a proposition to issue bonds for municipal or school-district improvements is single or double. But the workable rule is that if the proposed improvements are not naturally related or connected, separate submissions are required; if the several parts of the improvements are plainly so related that, united, they form but one rounded whole, they may be grouped together and submitted as one proposition.

3. ———: ———: **Additional School Buildings.** A proposition to issue bonds in the sum of three hundred and twenty thousand dollars "for the purpose of building new buildings and additional buildings to accommodate" the children of the school district is not double on its face, nor can it reasonably be construed to be a proposition to build new buildings and to make additions to buildings already in use, or to replace old ones; nor is it conceded that a clear proposition to build new buildings and to build additions to existing buildings for the accommodation·of children of school age in the district would be double.

4. ———: ———: **New Buildings: Board's Discretion.** A proposition to issue bonds to "build new buildings" is not double. It is not objectionable in that it does not confine the vote to one new building or inform the voters how many new buildings are to be erected. The number of new buildings and their location are matters committed by the statute to the board of education.

Appeal from Vernon Circuit Court.—*Hon. Berry G. Thurman,* Judge.

AFFIRMED.

*M. T. January* for appellants.

(1) A bond election which requires the voters to pass on two or more propositions on a single ballot, is invalid. State ex rel. Pike County v. Gordon, 268 Mo. 321; State ex rel. v. Allen, 186 Mo. 673. (2) Two or more propositions requiring the issuing of bonds may be voted on at an election if the vote on each proposition is registered on separate ballots. Robinson v. Wiese, 210 S. W. 889.

*Ewing & Ewing* and *W. M. Bowker* for respondents.

(1)   The proposition submitted by the board of education did not constitute a double purpose or a double question.   State ex rel. Wall v. Speer, 284 Mo. 45; Vauchamp v. Consolidated School District, 247 S. W. 1004; State ex rel. v. Allen, 183 Mo. 283; State ex rel. v. Allen, 178 Mo. 555; Howard v. Independent School Dist., 17 Idaho, 537; Public Schools of City of Muskegon v. Vander Lann, 211 Mich. 85; Blaine County v. Hamilton, 64 Wash. 353; Aylemore v. Hamilton, 74 Wash. 433; Linn v. City of Omaha, 76 Nebr. 552; City of Oakland v. Thompson, 151 Cal. 572; Clark v. City of Manhattan Beach, 175 Cal. 637; Mitchell v. Charles City, 169 Iowa, 238; Coleman v. Town of Eutaw, 157 Ala. 327; Hamilton v. Village of Detroit, 83 Minn. 119; Hubbard v. Woodsum, 87 Me. 88; State ex rel. v. Carbon County, 38 Utah, 563; State ex rel. Memphis School District v. Gordon, 223 Mo. 1; State ex rel. Carrollton School District v. Gordon, 231 Mo. 547.   (2)   The power of the General Assembly is unlimited, except by express terms of the Constitution.   The Legislature has all the powers that belong to the English Parliament, except when there is a plain constitutional restraint upon it.   Ex parte Berger, 193 Mo. 25; Ex parte Roberts, 166 Mo. 212; County v. Jack, 49 Mo. 196; Munn v. Illinois, 94 U. S. 124.   The Legislature has declared that the "purchase of schoolhouse sites, erecting schoolhouses, and furnishing same, and building additions to or repairing old buildings" constitute but one purpose.   The Legislature had the constitutional power to so declare.   Sec. 11127, R. S. 1919;   Sec. 10777, R. S. 1909, amended Laws 1911, p. 394; Sec. 9752, R. S. 1899, amended Laws 1909, p. 770; R. S. 1889, sec. 7981; R. S. 1879, sec. 7032, amended Laws 1881, p. 200; Laws 1874, p. 14, sec. 4 and page 151, sec. 16; Howard v. Independent School Dist., 17 Idaho, 537; Potter v. Lainhart, 44 Fla. 647; Thornburg v. School District, 175 Mo. 26; State ex rel. v. Gordon, 268 Mo. 27.

RAGLAND, J.—This is a suit by certain resident taxpayers of Nevada School District, in Vernon County, to enjoin the board of education of that district from issuing and selling bonds authorized at a special election held in the district December 12, 1922.

Appellants' statement of the facts and of the question presented, for determination puts the case in brief compass. It is as follows:

"A temporary injunction was neither asked nor issued. Upon being suummoned, defendants demurred generally to the petition and were sustained by the trial court. Plaintiffs elected to stand on their petition and appealed.

"The petition alleges the resolution of the school board calling the election, and the notices of election recite that 'a special election be held in said district to vote upon the proposition to authorize the board of education to incur an indebtedness for and on behalf of said district in the sum of three hundred and twenty thousand dollars and evidence such indebtedness by the issuance and sale of bonds, for the purpose of building new buildings and additional buildings to accommodate the scholastics in said district;' that said election was held and that a single ballot was used containing the words 'for the loan' and 'against the loan' with instructions to the voter to 'erase the clause you do not favor;' that the school board canvassed the vote and declared the proposition carried and were advertising for bids for the bonds and were then threatening to issue and sell them.

"There is a single question presented on this appeal, namely: was the election invalid because the voters were required to vote on a double proposition with a single ballot."

The vice of "doubleness" in submissions at elections is universally condemned. It is regarded as a species of legal fraud, because it may compel the voter, in order to get what he earnestly wants, to vote for something which he does not want. [State v. Maitland, 246

S. W. 267, 272.] The rule inhibiting doubleness has been tersely stated as follows: "Two propositions cannot be united in the submission so as to have one expression of the vote answer both propositions, as voters may be thereby induced to vote for both propositions who would not have done so if the questions had been submitted singly." [21 Am. & Eng. Ency. Law (2 Ed.) 47.] The soundness of the general doctrine embodied in this rule has not been questioned by any decision of this court. [State ex rel. v. Gordon, 268 Mo. 321.] The application of the rule in concrete cases, however, has on one or two occasions sounded a note of discord. [State ex rel. v. Gordon, 223 Mo. 1 (the Memphis case); State ex rel. v. Gordon, 231 Mo. 547 (the Carrollton case); State ex rel. v. Gordon, supra (the Pike County case).] Strange as it may seem it is often difficult to determine whether a submission with respect to the issuance of bonds for municipal (or school district) improvements is single or double. If it can be said that the proposed improvements are not naturally related or connected, then it is clear that separate submissions are required; if on the other hand the several parts of the project are plainly so related that, united, they form in fact but one rounded whole, it is equally clear that they may be grouped together and submitted as one proposition. [State ex rel. Wahl v. Speer, 284 Mo. 45; State ex rel. v. Allen, 183 Mo. 283; State ex rel. v. Allen, 178 Mo. 555; Blaine v. Hamilton, 64 Wash. 353; City of Oakland v. Thompson, 151 Cal. 572; Mitchell v. Charles City, 169 Iowa, 238; Coleman v. Town of Eutaw, 157 Ala. 327.] Whether the several proposed improvements involved in the submission in a given case are to be considered as separate and distinct, within the meaning of the rule against doubleness, or whether they are to be regarded as but items going to make up a single plan or scheme, has given rise to hopeless conflict of decision.

So much by way of statement of the general doctrine invoked and the state of the case law with respect to it.

In the case at bar we are at a loss to discover wherein the submission contained more than one proposition. On the face of it it seems plain that the voters were called upon to pass upon the single question of whether $320,-000 should be borrowed for the building fund in order to enable the board of education to erect such additional buildings as in their judgment were necessary to accommodate the school children of the district. It is said, however, that the language "for the purpose of building new buildings and additional school buildings" meant to "build new buildings" *and* make "additions" to other schoolhouses then in use. Without conceding that "doubleness" may be established by any such refinements, we are of the opinion that the wording of this submission clearly carried the meaning that the purpose for which the money was to be borrowed was to erect new buildings, not to replace any of the old ones the district then had, but for use in addition to them.

It is further said that "the school board asked the voters to authorize the issuing of three hundred and twenty thousand dollars in bonds to 'build new buildings;' that is, more than one. . . . The proposition did not inform the voters how many new buildings were to be erected, nor where they were to be built. . . . The people were asked to vote a lump sum on a single ballot, without any division or appropriation of any sums to particular purposes." How these facts effected "doubleness" in the submission is difficult to perceive. The mere statement of them refutes the contention. The number of new buildings to be erected and their locations were but mere details to be carried out in effecting the one general purpose to acquire additional housing facilities; the determination of these matters was under the law committed to the informed judgment of the board of education, and it very wisely refrained from injecting them as issues in the election.

Under the statutes of this State (Secs. 11127, 11134 and 11135, R. S. 1919) the school boards and they alone

are entrusted with the duty of providing and maintaining school facilities, including sites, schoolhouses and furnishings. ·The methods and means to be employed in the discharge of these functions are committed wholly to their judgment and discretion. It is unnecessary, therefore for them to submit to the electorate the question as to whether under a given situation, they shall increase the housing facilities of the school district by erecting one new building, or more than one, or the question as to where such building or buildings shall be located. The only thing that they are required to go to the taxpayer for is authority to borrow money (or to increase the tax-rate). With respect to this *"the question of loan* shall be decided at an annual school meeting or at a special election to be held for that purpose." [Sec. 11127.] A proposition submitted at an election carrying an authorization for a loan must, of course, state the purpose for which the borrowed money is to be used; otherwise it would be unintelligible to the voter. But there is no reason why such purpose should not be set forth in the general terms of the statute or such of them as are appropriate to describe the purpose in hand, namely, "for the purpose of purchasing schoolhouse sites, erecting schoolhouses (library buildings) and furnishing the same, and building additions to or repairing old buildings." This method of submission eliminates the question of "doubleness" and at the same time fully satisfies all requirements of the statute. Such was the method followed substantially in the instant case.

The judgment of the circuit court, being in accord with the views herein expressed, is affirmed. All concur.