STATE OF MISSOURI at the Relation of C. H. BECKER, C. G. YOUNG, CHARLES F. LINK, GRACE O. BOHERE, MABEL B. CAROTHERS and BERT E. SEES, as Directors of the School District of Kirksville, Relators, v. FORREST SMITH, State Auditor.—75 S. W. (2d) 574.

Court en Banc, October 4, 1934.

*Murrell & Murrell* and *E. M. Jayne* for relators.

*Roy McKittrick*, Attorney-General, and *Covell R. Hewitt*, Assistant Attorney-General, for respondent.

TIPTON, J.—This is an original proceeding in mandamus brought by the State at the relation of the members of the Board of Education of the School District of Kirksville to compel the respondent, the State Auditor of Missouri, to register an issue of bonds of that district.

By stipulation of the parties filed in this court, the issuance and service of the alternative writ of mandamus was waived and the re-

1048

spondent agreed to treat the petition as the writ and to make his return thereto which he did. The reply and motion of relators are conventional and the issue is thus framed by the pleadings.

The pleadings show that the relators adopted a resolution calling a special election to be held on the 19th day of June, 1934.

The notice of the special school election stated the proposition in the following language:

"To authorize the Board of Education of the Kirksville School District, Adair County, Missouri, to borrow money in the sum of Two Hundred and Twenty-five Thousand Dollars ($225,000.00) for the purpose of erecting and furnishing two school buildings, one on the site of the present Greenwood School, and one on the site of the present Willard School, and to issue bonds in the name of said School District for the payment of the loan."

This same language was used on the ballot and beneath was printed:

"FOR THE LOAN" and
"AGAINST THE LOAN"

The respondent in his brief says:

"The bond issue carried by a vote of 989 for the loan and 486 against the loan. Subsequently, the necessary steps were taken by the Board of Education to issue and negotiate the bonds so voted by the voters of said district. The bonds were presented to the State Auditor for registration as required by law, and for reasons set forth in the State Auditor's return to the alternative writ of mandamus registration was refused, viz., that the notices ordered to be posted notifying the voters of said district that a special election was to be had, and the ballots used in the special election stated two purposes in a single submission, and because of such doubleness in the submission of the question of the loan to the voters, both in the notice and the ballots, no authority was acquired by relators for the issuance of the bonds tendered to the respondent for registration as required by law, and same were wholly void and not subject to registration; and that because of the invalidity and illegality of said bonds issued by said school district as aforesaid, respondent has rightfully refused to register and certify said bonds in accordance with the statutes of the State of Missouri."

There is but one point for the determination of this court, that is, whether two separate and distinct propositions were submitted as one proposition and voted on jointly.

"The vice of 'doubleness' in submissions at elections is universally condemned. It is regarded as a species of legal fraud, because it may compel the voter, in order to get what he earnestly wants, to vote for something which he does not want. [State v.

Maitland, 246 S. W. 267, 272.] The rule inhibiting doubleness has been tersely stated as follows:

" 'Two propositions cannot be united in the submission so as to have one expression of the vote answer both propositions, as voters may be thereby induced to vote for both propositions who would not have done so if the questions had been submitted singly.' [21 Am. & Eng. Ency. Law (2 Ed.) 47.] The soundness of the general doctrine embodied in this rule has not been questioned by any decision of this court. [State ex rel. v. Gordon, 268 Mo. 321.] The application of the rule in concrete cases, however, has on one or two occasions sounded a note of discord. [State ex rel. v. Gordon, 223 Mo. 1 (the Memphis case); State ex rel. v. Gordon, 231 Mo. 547 (the Carrollton case); State ex rel. v. Gordon, supra (the Pike County case).] Strange as it may seem it is often difficult to determine whether a submission with respect to the issuance of bonds for municipal (or school district) improvements is single or double. *If it can be said that the proposed improvements are not naturally related or connected, then it is clear that separate submissions are required; if on the other hand the several parts of the project are plainly so related that, united, they form in fact but one rounded whole, it is equally clear that they may be grouped together and submitted as one proposition.* [State ex rel. Wahl v. Speer, 284 Mo. 45; State ex rel. v. Allen, 183 Mo. 283; State ex rel. v. Allen, 178 Mo. 555; Blain v. Hamilton, 64 Wash. 353; City of Oakland v. Thompson, 151 Cal. 572; Mitchell v. Charles City, 169 Iowa, 238; Coleman v. Town of Eutaw, 157 Ala. 327.] Whether the several proposed improvements involved in the submission in a given case are to be considered as separate and distinct, within the meaning of the rule against doubleness, or whether they are to be regarded as but items going to make up a single plan or scheme, has given rise to hopeless conflict of decision." (Italics ours.) [Hart v. Board of Education, 252 S. W. 441, 299 Mo. 36, l. c. 39.]

In the conclusion of respondent's brief, he says:

"Respondent respectfully submits that if the submission to the voters of the School District of Kirksville had been in the language of the statute . . . it would not be subject to the vice of 'doubleness.' "

The section of the statute that the respondent refers to is Section 9198, Revised Statutes 1929. It is by the provision of this section that the relators are authorized to borrow the money. The pertinent parts of which are as follows:

"For the purpose of purchasing schoolhouse sites, erecting schoolhouses . . . and furnishing the same, and building additions to or repairing old buildings. . . ."

■ We agree with the respondent that if the submission to the voters was in the language of the statute it would not be subject to the vice of doubleness. Such was our holding in the cases of Hart et al. v. Board of Education of Nevada, supra, and Willis v. School District of Sedalia, 299 Mo. 446, 253 S. W. 741.

Did the language of the resolution and the notice substantially follow the language of the statute?

In substance the notice stated that the purpose of borrowing the sum of Two Hundred Twenty-five Thousand Dollars ($225,000.00) was to erect and furnish *two* school buildings, one to be located on the present site of the Greenwood School and the other on the present site of the Willard School. The cost of erecting each building was not stated. If we understand the respondent correctly, had the submission stated in substance that the purpose of the loan was to erect and furnish school buildings, then the submission would not have been open to the criticism that he now levels against it. Then the relators would have authority to erect one or more buildings, as their discretion saw fit.

The proposition voted for in the Hart case (Nevada), supra, was: ". . . to authorize the board of education to incur an indebtedness for and on behalf of said district in the sum of three hundred and twenty thousand dollars and evidence such indebtedness by the issuance and sale of bonds, for the purpose of building new buildings and additional buildings to accommodate the scholastics in said district."

In the Willis case (the Sedalia case), supra, the proposition voted for was for "the purpose of purchasing schoolhouse sites, erecting schoolhouses and furnishing the same and building additions to and repairing old buildings." As above stated we held that both propositions were not void on account of alleged "doubleness." We see no difference in the proposition submitted in the case at bar from those submitted in the Hart case and the Willis case. In each, the propositions showed that more than one schoolhouse was to be erected. In the case at bar, the voters knew in advance that two buildings were to be erected. We think that the voters could intelligently vote upon the proposition, as they knew exactly the purpose of the loan.

Section 9198, supra, contemplates that one or more schoolhouses may be built with a single bond issue, because this section provides for the negotiation of the bonds voted "for the erection of one or more schoolhouses, to be erected on the same or different sites."

We so ruled in the Willis case, supra, wherein we said:

"If the language means anything the several purposes provided for are to be met by a 'loan' (singular) ; 'the loan' is connected with 'the purposes' (evidently it may include all those enumerated), and

the '*ballot*' in the singular is provided for in the very form used here. The section provides for the negotiation of the bonds voted '*for the erection of one or more schoolhouses, to be erected on the same or different sites.*' That is, of course, the bonds voted for by one ballot reading, 'For the Loan,' 'Against the Loan.' ''

We think the submission in this case substantially followed the language of the statute.

The building of two schoolhouses form but two units of a complete housing system of the relator's school district. The loan was for only one purpose and that was to build two units so as to prepare school facilities for all children of the district impartially as one undertaking. We think the test laid down in the Hart case, supra, has been met wherein we said: ''. . . if, on the other hand, the several parts of the project are plainly so related that, united, they form in fact but one rounded whole, it is equally clear that they may be grouped together and submitted as one proposition.'' This test has been recently approved by this court in the case of Meyering v. Miller, 330 Mo. 885, 51 S. W. (2d) 65. [See, also, the case of State ex rel. Kansas City v. Smith, 302 Mo. 594, 269 S. W. 1060.]

The respondent relies upon the case of State ex rel. Pike County v. Gordon, 268 Mo. 321, 188 S. W. 88, and the case of State ex rel. City of Joplin v. Wilder, 217 Mo. 261, 116 S. W. 1087, to support their contention that the proposition in the instant case is double.

The Pike County case has already been distinguished from cases similar to the case at bar in the Sedalia case. In that case we said:

''It may be noticed also that the Pike County case, State ex rel. Pike County v. Gordon, 268 Mo. 321, upon which the appellant relied for a reversal, deals with an election held under a statute, l. c. 328-329, which did not authorize the building of courthouses, in the plural, but a courthouse. The difference in principle between the two statutes and the two cases is perfectly apparent. One courthouse is entirely adequate to supply the need of a county such as Pike; two courthouses would facilitate the transacting of the public business. But two courthouses, ostensibly for the convenience of the people at two ends of the county, was likely to have for its primary purpose the effect upon real estate values and commercial prosperity of the sections where the courthouses were to be erected. The people of the county who were not commercially affected by that situation would thereby have been loaded with indebtedness which they would not have incurred if permitted to vote upon the propositions singly, and since they could not have one courthouse without voting for two they voted for two. ·

''The oneness and singleness of the plan to build schoolhouses in a school district is shown by the very necessities of the case as dis-

tinguished from the courthouse case. The directors of the district were obliged to prepare school facilities for all the children of the district impartially as one undertaking. The notice comprehending the school buildings for the district as a whole was as single as the purchase of furniture for the different rooms of the same schoolhouse. The fact that the buildings should be located at convenient points in different parts of the district does not make the scheme multiple any more than if all the buildings were grouped together in one place.''

In the Joplin case, we held the submission of a proposition for a ''sanitary sewer'' in one district and a ''storm sewer'' in another had no connection or relation to each other and the submission was void because it was ''double.''

We do not believe that either the Pike County case or the Joplin case are in point, therefore, could not be authority for the position taken by the respondent. Nor do we think the fact that the proposition submitted stated that one of the buildings were to be located on the site of the present Greenwood School and the other on the site of the present Willard School make any difference. It is to be noted the purpose of the loan was to erect schoolhouses and not to purchase school sites. It must be inferred that the two sites referred to in the proposition were already owned by the school district.

We do not agree with the respondent that the proposition voted on in this case to be void because of ''doubleness.'' We find nothing in the record that the taxing power of the State has not been exercised with the utmost openness and fairness and cannot say that the result of the election was obtained by ''jockeying'' and ''log-rolling.''

From what we have said, it follows that our peremptory writ of mandamus should issue. It is so ordered. All concur.