## Cook v. City of North Middletown.

(Decided Nov. 11, 1938.)

WILLIAM GRANNAN for appellant.

BRADLEY & BLANTON and VICTOR A. BRADLEY, JR. for appellee.

OPINION OF THE COURT BY MORRIS, COMMISSIONER— Affirming.

Appellee, a city of the sixth class has no water system, but has a delapidated gas plant which is privately owned. Being desirous of providing for the erection of a water system, and purchasing and rehabilitating the gas plant, its first move was to enter into a contract with the owners of the gas plant to purchase same with its franchise, at a nominal sum (stated in the brief to be $1).

In order to perfect its plans, on September 7, 1938, it enacted an ordinance, providing for the issuance of $45,000 in bonds to bear 4½ per cent interest, to be retired over a period of years fixed in the ordinance. The proceeds from the sale of these bonds was to be used for the purposes above stated. How much to be allocated to each of the two proposed improvements is not shown, nor is it important. The ordinance provided, and as was conditioned in the bonds, that the bonds were to be retired, and interest payments met solely out of the revenue derived from the operation of the water works and gas plant.

An examination of the ordinance, which is filed as a part of the pleadings, reveals that 45 per cent of the total cost of erecting the one, and rehabilitating the other plant is to be obtained from the P. W. A.

Among other things the ordinance recited that the erection of the water system, and purchase and rehabilitation of the gas plant were to be perfected under the provisions of sections 2741L-1 to 2741-42, inclusive, and 3704-1, Carroll's Statutes, 1936 Edition.

It was also provided in the bond form, which was incorporated in the ordinance, that the city should pledge a fixed amount of the gross income from the revenues for meeting retirement and interest payments, and that the town "will fix such rates for water and gas service, and collect same, to meet payment of these items."

Apparently, in order to attempt to bring the plans herein set up in respect to the operation of the gas plant, within what counsel contends is a controlling case, Juett v. Town of Williamstown et al., 248 Ky. 235, 58 S. W. (2d) 411, it was specifically written that the purchase and rehabilitation of the gas plant was for the primary purpose of supplying the town with adequate lights for its streets and office buildings, and

any and all necessary municipal purposes, and to sell only the surplus to private persons, and that the town was not to pay anything for gas used for its purposes. The rates to citizens for gas and water were to be fixed at reasonable figures. We have given as much of the ordinance as appears to us to be necessary for a further discussion, which is brought about by the filing of a suit by appellant in his behalf, as well as on behalf of all taxpayers of the municipality similarly situated.

In petition, in the form of a declaratory judgment action, appellant alleges, substantially in the manner as above set out, and seeks to have the court declare the rights of the respective parties, and if agreeing with him, to enjoin the appellee from taking further steps looking to the issuance of the proposed bonds.

Apparently admitting in his petition the power of the city to issue bonds under the plan proposed for the erection of a water plant, he challenges the power of the city to purchase, own or operate a gas plant, pointing out that if the bonds are to be issued under section 2741L-1, Kentucky Statutes, the ordinance is invalid, because that section provides for the issuance of bonds which do not constitute an indebtedness against the city, and are payable out of self-liquidating revenues for the purchase or erection of a water system.

He says that if the purchase of the gas plant, and the issuance of bonds for such purpose, are to be made and done under section 3704-1, the bonds, insofar as they are used for the purposes indicated, would represent an obligation of the city, and since payable out of the revenues of the city, would create an indebtedness which could not be met by current revenues, hence within the direct inhibitions of sections 157-158 of our Constitution.

So, as the case was presented to the lower court, on demurrer to the petition, and as presented to us on appeal, the sole question is, Has the city the power to purchase, own and operate a gas plant, even though it is made manifest that the primary purpose in the purchase and operation is to supply its streets and public buildings and places with light, and as a secondary purpose to sell the surplus privately and apply the revenues to a retirement of the bonds?

The court below, without specifically declaring the

rights of the parties, sustained the city's demurrer to the petition, and plaintiff declining to plead further, the petition was dismissed, and this appeal follows.

As indicated above, the only question we are to discuss is the one with relation to the city's power in respect to the purchase and operation of the gas plant. It is the only question discussed in the briefs, and is the sole question here decided.

Appellee bases his contention that the court below was correct in his ruling on the two sections of the statute, supra, and the case of Juett v. City of Williamstown, supra, and the cases cited and discussed therein by the writer of that opinion. In that case we held that an issue of bonds was valid, if the same were to be retired, and interest paid under what is known as the self-liquidating plan, and did not constitute obligations against the municipality, citing Kentucky Utilities Co. v. City of Paris, 248 Ky. 252, 58 S. W. (2d) 361; Wheeler v. Hopkinsville, 245 Ky. 388, 53 S. W. (2d) 740; Williams v. City of Raceland, 245 Ky. 212, 53 S. W. (2d) 370.

In the Williamstown case the Justice, the whole court sitting with him, held that the city should be enjoined from issuing the bonds there sought to be issued, on the sole ground that the primary purpose was not governmental, or mainly for the benefit of the city. It was pointed out in that case that cases construing this (3704-1) and similar sections of the statutes giving the city power to contract for light, heat and power, where plants were constructed and operated primarily for municipal purposes, were uniform in holding that the power existed, even though there was a sale of surplus to private concerns and individuals. The writer of that opinion said:

"While the question was once a disputable one, it is now thoroughly settled in this state that a city, either as an incident to its police power, or under statutory authority 'to contract for supplying the city with water and light,' may own and operate an electric light plant for the purpose of lighting the public streets and places, a purely governmental matter, and, as incidental thereto, may sell the surplus of its product to its inhabitants. Swann v. City of Murray, supra [146 Ky.

148, 142 S. W. 244]; Overall v. City of Madison-
ville, 125 Ky. 684, 102 S. W. 278, 281 [31 Ky. Law
Rep. 278], 12 L. R. A. (N. S.) 433, 58 S. W. (2d)
413.''

Under the authorities cited in the Williamstown
Case, we are of the opinion that the city possesses the
questioned power, and that the issue of bonds for the
purpose indicated is valid.

Judgment affirmed.