Albert E. HULBERT, Jr., et al., Appellants,

v.

BOARD OF EDUCATION OF LOUISVILLE, Kentucky, and Board of Education of Jefferson County, Kentucky, Appellees.

Court of Appeals of Kentucky.

Sept. 22, 1964.

Alex P. Humphrey, Booth, Walker & Humphrey, Louisville, for appellants.

Henry A. Triplett, Hogan, Taylor, Denzer & Bennett, Lucian L. Johnson, Jack Q. Heath, Louisville, for appellees.

CLAY, Commissioner.

This declaratory judgment action questions the validity of two propositions to be submitted to the voters at an election initiated by the Boards of Education of the City of Louisville and Jefferson County.

The Chancellor held the questions legally sufficient.

The questions which will appear on the respective ballots are:

"Are you for or against the following *combined tax authorization for public school purposes:* (a) levying in the Louisville Independent School District each year an additional general ad valorem property tax at a rate not exceeding 32¢ on each $100.00 of property subject to local taxation in said district as authorized by KRS 157.440, and, (b) imposing an annual license fee on any business, trade, occupation or profession at a rate not to exceed ³⁄₁₀ths of 1% of wages and net profits from activities conducted in said school district, as authorized under KRS 160.-531?" (Our emphasis)

"Are you for or against both of the following *combined tax authorizations for public school purposes*: (a) levying in the Jefferson County School District each year an additional general ad valorem property tax at a rate not exceeding 32¢ on each $100.00 of property subject to local taxation in said district as authorized by KRS 157.440, in addition to the presently levied $1.50 property tax rate for general school purposes, and in addition to the 50¢ Special Voted School Building Tax rate, and also (b) imposing an annual license fee on any business, trade, occupation or profession at a rate not to exceed ³⁄₁₀ths of 1% of wages and net profits from activities conducted in said school district, as authorized under KRS 160.-531?" (Our emphasis)

The principal contention is that each question presents two separate propositions and the combining of two or more different objectives in a single question is illegal on the ground the voter is not given a fair choice. See 29 C.J.S. Elections § 170, page 246. The rule condemns the practice of inducing the voter to favor an objectionable

or odious proposition by coupling it with an unrelated meritorious one, thereby denying him the right to accept the good and reject the bad. See 43 Am.Jur., Public Securities, section 91 (page 344) ; 4 A.L.R.2d 626. The courts will not countenance what would constitute a "legal fraud". Hart v. Board of Education, 299 Mo. 36, 252 S.W. 441.

 Combining related objectives in a single question is not, however, necessarily improper or invalid. City of Louisville v. Board of Park Com'rs, 112 Ky. 409, 65 S.W. 860; Swann v. City of Murray, 146 Ky. 148, 142 S.W. 244. These cases involved a vote on bond issues, the proceeds of which could be used for multiple purposes. Conversely, a propostion which designates a single general purpose with multiple sources of revenue may similarly present a fair question to the voter. City of Raytown, Mo., 349 S.W.2d 363.

The problem is a practical one, and the important consideration is whether the parts of a proposal are reasonably related. See 4 A.L.R.2d 621. Here the proposing authorities had apparently concluded that their objective (public school purposes) could only be achieved by the imposition of both of two different types of additional taxes. Multiple sources of revenue are reasonably related in and to the plan. No valid reason appears why the voter should have a right to reject part of a program which the proposing authorities deemed essential to the whole. The Boards of Education take the risk that their single objective may fail if the voter does not favor one phase of the project. Certainly the voter is not misled, unfairly dealt with, or improperly influenced by the form of the question.

Since each proposition before us presented an essentially unified scheme, all parts of which are reasonably related, we can find nothing in the question which does not afford the voter a free and fair choice in determining the merits of the proposal. The questions to appear on the ballot are proper both as to form and substance.

Appellants complain that the question proposed by the City Board, unlike that proposed by the County Board, did not recite that the new taxes would be in addition to certain others specified. No law requires the listing of existing taxes in the proposal for a new tax. The question recites that the ad valorem tax will be an "additional" one. Even without this it would seem clear that a proposition upon which a vote is requested must necessarily be for something other than that which was then in existence. The voter could not be misled or deceived in this respect.

The judgment is affirmed.