## Lankford, et al. v. Burton, County Judge, et al.

(Decided October 1, 1915.)

### Appeal from Marion Circuit Court.

1. Highways—Inter-County-Seat Road—Statutes.—Under the provisions of an Act of 1914, creating a system of public highways, the road leading from one county seat which connects with a road leading to another county seat, and which is shown to be the most direct and practical route between the two county seats is an inter-county-seat road within the meaning of that act although part of the connecting road running from the adjoining county seat is steep and rough.

2. Highways—Inter-County-Seat Road—Statutes.—Under the road Acts of 1914 the fiscal court of a county may select only a part of an inter-county-seat road within its borders for reconstruction and improvement during any one year.

3. Highways—Fiscal Courts—Apropriation.—In the absence of the orders of the fiscal court the presumption is that the fiscal court did not exceed its authority and that an appropriation made by it is valid.

H. W. RIVES for appellants.

HENRY McELROY, CHARLES C. BOLDRICK, S. A. RUSSELL and SAMUEL AVRITT for appellees.

OPINION OF THE COURT BY JUDGE TURNER—Affirming.

The appellants, taxpayers of Marion County, brought this equitable action against the members of the fiscal court of that county seeking to enjoin the court from proceeding to expend on the Lebanon and Bradfordsville turnpike road $7,000, which the court had appropriated to be expended on it, together with such sum as might be allowed out of the state aid fund.

1. The petition alleges in substance that the fiscal court on the 7th day of April, 1915, levied a tax of twenty-five cents upon each $100 of taxable property in the county for the benefit of the roads, turnpikes, and bridges therein, and at the same term of court appropriated to be expended on turnpikes, during the year of 1915, $10,827.00, and to be expended on dirt roads $7,625.00, and that it at other times appropriated considerable amounts for various bridges in different parts of the county. That the total property assessment for the county in the year of 1915, at the rate of twenty-five cents on each $100 of taxable property, would yield not more than $20,000 to be expended on bridges, roads and turnpikes. That on the 15th day of April, 1915, the court appropriated $7,000 to be used in connection with any amount that might be received from the state aid fund to be expended for reconstruction of the inter-county-seat roads of the county under the terms of the State Aid Act of 1914, and at the same time selected the Lebanon and Danville road, the New Market road, and the Lebanon and Bradfordsville road as the three roads first to receive the benefit of said funds so appropriated. That the State Commissioner of Public Roads failed or declined to approve the said selection so made by the fiscal court of the three roads named, and the fiscal court, at a meeting on the 10th day of May, 1915, entered an order to apply all of the $7,000 previously appropriated for the three roads and the sum expected to be received from the state road fund to the Lebanon and Bradfordsville road, which latter action of the fiscal court was subsequently approved by the State Road Commissioner.

The petition further alleges that the Lebanon and Bradfordsville road is not an inter-county-seat road, but is wholly within the county of Marion and is not the most direct and practical route between Lebanon, the county seat of Marion County, and the county seat of any adjoining county.

The answer, as amended, put in issue the material allegations of the petition except as to the levying of the tax, the amount of the fund, and the appropriation thereof.

In the circuit court evidence was heard on the issue as to whether the Lebanon and Bradfordsville road constituted the most direct and practical route between Lebanon, the county seat of Marion County, and Liberty, the

county seat of Casey County. This evidence shows that the Lebanon and Bradfordsville road runs between those two places and that they are both in Marion County; that from Bradfordsville to Houstonville in Lincoln County there is another road which runs through the edge of Casey County; that about a mile from the Marion County line in Casey County the Bradfordsville and Houstonville pike is intersected by a road leading to Liberty, the county seat of Casey County; that while this last named road, a part of the way, is rough and steep it is generally traveled by automobiles, and other vehicles, and is very generally used in going from Lebanon to Liberty.

The evidence heard on this issue was the only evidence introduced, the record failing to show whether either party introduced in evidence the orders of the Fiscal Court referred to in the pleadings; nor have we been favored with a copy of any one of them in the transcript.

Two questions are made, (1) that the Lebanon and Bradfordsville road being wholly within Marion County, is not an inter-county-seat road within the meaning of the Act of 1914, establishing a system of state highways, and (2) that the appropriation of $7,000 to be expended on the Lebanon and Bradfordsville road is violative of Sec. 157 of the Constitution of this State because the appropriation could not be paid out of the revenues of that year for the reason that the Fiscal Court had previously appropriated to the limit of the revenues of that year.

Sec. 4356w, Carroll's 1915 Kentucky Statutes, is a part of the Act of 1914, and is as follows:

"There is hereby created a system of public State highways, which shall consist of roads connecting the county seat of each county of the Commonwealth with the county seats of the adjoining counties by the most direct and practical route, and the county seat of the border counties of the Commonwealth with the State line on the most direct and practical route leading from said county seats to the county seats of the adjoining counties in the adjacent States. These roads shall be the first to receive State aid, and after such roads are constructed in any county of the Commonwealth, then all other roads to which State aid is furnished thereafter may be deemed public State highways; and all such roads eligible to receive State aid under the provisions

of this act shall be deemed public works of the Commonwealth."

There was also passed at the 1914 session of the General Assembly an Act providing for the construction and maintenance of public roads in this State, being Sec. 4356x, Carroll's 1915 Kentucky Statutes. Sub-section 8 of the last named Act provides:

"When more roads are petitioned for in any county than can be constructed in any one year, the fiscal court of the county, with the consent of the state commissioner of public roads, shall have power and authority to select from the roads petitioned for the ones first to be constructed, having due regard for the most important road and the distribution of the benefits of this act to all parts of the county."

Construing these two sections together it is apparent that the Fiscal Court had the right to designate the road in its county which should first receive the benefit of the State aid fund by and with the consent and approval of the State Highway Commissioner, and the question is whether the Lebanon and Bradfordsville road was such an inter-county-seat road as was contemplated by the Act of 1914.

The Lebanon and Bradfordsville road, and the Bradfordsville and Houstonville road were originally two separate roads owned and operated by two separate corporations, but several years ago the county of Marion acquired the Lebanon and Bradfordsville road and about the same time also acquired that part of the Bradfordsville and Houstonville road located in Marion County. So that at the time of the appropriation herein complained of Marion County owned the whole road from Lebanon to the Casey County line going in the direction of Liberty.

The contention that the Fiscal Court had no authority to select only that part of the road between Lebanon and Bradfordsville for reconstruction and improvement and ignore that part between Bradfordsville and the county line is not tenable; Sub-section 7 of the Act last quoted expressly authorized the fiscal court to provide for improvements of a road *or a section thereof* within the county. It was evidently contemplated by the Act that many of the counties of the State, even with the aid of state funds, might not be able in any one year to reconstruct and improve the whole of an inter-county-seat road which might be within its borders.

As stated above, the evidence in this case shows that the road from Lebanon to the Casey County line by the way of Bradfordsville connects the county seats of Marion and Casey by the most direct and practical route and the one most generally traveled.

The further contention of appellants is that as the fiscal court had already previously appropriated the whole of the road fund for the year of 1915 that it exceeded its authority under Section 157 of the constitution when it undertook to appropriate the $7,000 to the Lebanon and Bradfordsville road; while it is the general argument of the appellees that the $7,000 which it originally appropriated for the three turnpikes, and which action the State Commissioner of Public Highways declined to approve, is the same $7,000 which it subsequently appropriated to the Lebanon and Bradfordsville road alone, thereby eliminating the other two roads for the present from the benefit of the State aid fund, which action became necessary on account of the attitude of the State Highway Commissioner.

In the absence of the orders of the fiscal court manifestly this court cannot determine what they mean, and there being nothing in the record to show to the contrary the presumption is that the fiscal court did not exceed its authority and that the appropriation was valid. (Southern Bithulitic Co. v. De Treville, 156 Ky., 513.)

Construing plaintiff's petition most strongly against them it would seem that the $7,000 originally appropriated for the three roads is the same $7,000 which was subsequently appropriated for the one road; for they, after alleging that the appropriation of $7,000.00 was made for three roads on the 15th of April, 1915, further allege that on the 10th day of May, 1915, the fiscal court then undertook "to apply all the $7,000 appropriated from county funds and also an equal amount to be received from the State road fund to the Lebanon and Bradfordsville road."

It seems clear that if the last-named appropriation of $7,000.00 for the one road, was the same $7,000.00 originally intended to be appropriated for the three roads but which failed because of the position taken by the State Highway Commissioner, that the $20,000.00 road fund for 1915 had not been exhausted.

Judgment affirmed.