### Lankford, et al. v. Burton, County Judge, et al.

(Decided December 17, 1915.)

### Appeal from Marion Circuit Court.

1.  Counties—Appropriations—Section 157 Constitution.—The action of a fiscal court in appropriating for road purposes money in ex-

cess of 'the income and revenue for that year in order that the county might receive the benefit of a similar amount from the State road fund, is not such a compulsory obligation cast upon the county by law as will authorize an appropriation in excess of that prohibited by section 157 of the Constitution.

2. Appeal and Error—Record.—It is a very unsatisfactory practice in actions based upon contracts, writings, or orders of court, not to have them made a part of the record.

H. W. RIVES for appellants.

HENRY S. McELROY, CHARLES C. BOLDRICK, S. A. RUSSELL and SAMUEL AVERITT for appellees.

Opinion of the Court by Judge Turner—Modifying and extending the former opinion, and reversing.

The former opinion in this case, found in 165 Ky., 835, is adhered to in so far as it decides that the Lebanon and Bradfordsville turnpike is an inter-county seat road under the provisions of the act of 1914, creating a system of public highways in this State, but in all other respects is withdrawn.

The court in the former opinion overlooked certain admissions in the pleadings in this case which are decisive of the contention that the fiscal court of the county had by its orders undertaken to appropriate an amount in excess of the income and revenue provided for the year of 1915 as is expressly prohibited by section 157 of the Constitution.

The second paragraph of the petition alleges that on the 7th of April, 1915, the fiscal court levied a tax of twenty-five cents on each $100.00 in value of taxable property in the county for general county purposes, and a tax of twenty-five cents on each $100.00 in value of taxable property therein for the benefit of the roads, turnpikes, and bridges of the county, and at the same term of court appropriated to be expended on turnpikes during the year of 1915, $10,827.00, and to be expended on dirt roads, $7,625.00, making an aggregate appropriation for turnpikes and dirt roads of $18,452.00, exclusive of what might be necessary for bridges.

It is further alleged therein that at the rate of twenty-five cents for each $100.00 of the taxable property of the county, there could not be raised exceeding $20,000.00 for said turnpikes, roads and bridges, less the cost of collection.

That the fiscal court thereafter undertook to appropriate an additional $7,000.00 for the benefit of the Lebanon and Bradfordsville road, and that such appropriation would necessarily constitute an indebtedness exceeding by the whole amount the revenue provided for the year of 1915.

That no vote had been taken on the question of issuing bonds or incurring indebtedness on behalf of the county, and that such an attempt by the fiscal court to go beyond the income and revenue provided for the current year was void.

The defendants in their answer to that paragraph alleged that the revenue derived from the total tax of fifty cents on the $100.00, the limit allowed by law, was not sufficient to pay the necessary and ordinary expenses of the county government and to keep the roads in ordinarily good repair for public travel, and that there was not sufficient funds available for that purpose.

They further alleged that it was necessary that the order appropriating the $7,000.00, and the $7,000.00 expected to be received from the State out of the State funds, should be reserved for the reconstruction of the Lebanon and Bradfordsville road, and that the same should be carried out during the year of 1915, so that the reconstruction might be done according to the plans and specifications of the State road engineer.

That it has been the custom in Marion County for many years, as well as in many other counties in the State, to exceed the constitutional limit of taxation because the money produced within the limit was not sufficient to defray the ordinary expenses of the county government and keep the roads in ordinarily good repair.

They further say that the constitutional limit has been exceeded by the fiscal court in making appropriations for roads and bridges for the year of 1915, and asked that if the appropriation of $7,000.00 to the Lebanon and Bradfordsville road is held to be in excess of the constitutional limit that the said appropriation should be reduced only proportionately to other appropriations made for roads and bridges.

In an amended answer, however, they withdrew the admission that the fiscal court had exceeded the constitutional limit, and deny that it has made appropriations in excess of the constitutional limit, but do not deny the specific allegations as to the taxable property

of the county and the revenue which it would produce as set forth in plaintiff's petition.

In other words the fiscal court admits that it has made appropriations in excess of the constitutional limit, but undertakes to justify upon the ground of necessity.

In justification of the appropriation exceeding the constitutional limit appellee's counsel refer to the case of Hopkins County v. St. Bernard Coal Company, 114 Ky., 153, and many cases of a similar nature from other states.

That was an action based upon claims by certain persons for guarding the property of a citizen of Hopkins County when summoned by the sheriff pursuant to an order of the county judge under a statute authorizing the summoning of such posse when any property was threatened with injury or destruction. The county in that case defended upon the ground that to pay these claims or make appropriation for them would be to exceed the constitutional limit fixed by section 157 of the Constitution, and this court, in construing that section, said:

"The words, 'no county   *   *   *   shall be authorized or permitted to become indebted,' cannot reasonably refer to the necessary expenses of the governmental functions of the county, which are compulsory obligations cast on it by law, but only to that class of indebtedness which is optional with the county to incur. Any other construction, as has been well said, would destroy the fundamental safeguards and bulwarks of organized society. Barnard & Co. v. Knox Co. (C. C.), 37 Fed., 563, 2 L. R. A., 426; Rauch v. Chapman (Wash), 48 Pac., 253, 36 L. R. A., 408, 58 Am. St. Rep., 52; Grant County v. Lake County, 17 Or., 453, 21 Pac., 447; Sackett v. New Albany, 45 Am. Rep., 461. The duty of preserving the public peace and protecting life and property cannot be avoided because the income provided for the year by the fiscal court will be insufficient to pay the guards provided by the statute. It is the duty of the fiscal court to provide a sufficient fund for this purpose when the necessity arises, if it has not been provided before. It was not the purpose of the Constitution to disable the municipalities of the State from maintaining the public peace or protecting the good name of the State."

The distinction therein is clearly pointed out between obligations voluntarily assumed by the county and compulsory obligations cast upon it by operation of law.

In this case there was no compulsion; the fiscal court voluntarily undertook to appropriate more money for road purposes than was authorized for that year. And, although they may have been actuated by considerations looking to the public good, there was no such compulsory obligation as authorized a defiance of the plain provisions of section 157.

We desire to reiterate the statement in the former opinion that it is a very unsatisfactory practice in actions based upon contracts, writings, or orders of the court, not to have them made a part of the record.

On the face of the pleadings the injunction should have been granted as prayed for by the plaintiffs.

The judgment is reversed with directions to enter a judgment in accordanec herewith.