## City of Princeton v. Pool.

(Decided February 20, 1917.)

Appeal from Caldwell Circuit Court.

S. D. HODGE, S. HODGE and R. W. LISANBY for appellant.

MILLER & MORSE and T. L. EDELEN for appellee.

RESPONSE TO PETITION FOR REHEARING BY JUDGE CLARKE—Overruling.

For original opinion, see 171 Ky. 638.

It hardly seems necessary that we should say that we did not, by the opinion rendered herein, authorize the taking of appellee's property, if that should be necessary in the abatement of the nuisance declared to be temporary and not permanent, in any but a legal and constitutional manner, but since counsel for both appellant and appellee have inferred that we did so hold, we will attempt to explain what we meant to say. In the course of the opinion, we said:

"Whether this nuisance can be successfully avoided by improving the drainage below the Big Spring, by an extension of a subterranean channel through an artificial sewer beyond the city limits, by some kind of disposal plant to be erected by the city, or otherwise, should have been left to the discretion of the city to be exercised by it at the risk of subsequent liability to appellee if inadequately or improperly done." By this we meant only that for an inadequate or improper performance of the duty enjoined upon the city, it would be liable for subsequent injury to appellee. We did not decide, say, or mean to infer that appellant has any exclusive right in or to the stream or its banks upon appellee's land, or to any of his property, but did hold that appellant's right to *use* the stream, as it is, for drainage purposes is sub-

ject to a liability to appellee for injury to this property right. To take any of appellee's property from him, the city must, of course, first condemn it.

Appellant did, in an amended answer, assert a prescriptive title to the stream and its banks through appellee's property, but this contention now urged upon us for the first time, in appellant's response to the petition for rehearing, was not considered upon the hearing, but was assumed to have been abandoned, as there was no evidence of either a continuous or adverse possession, the only evidence of any use by the public being that, upon occasions, members of the public have used the stream upon or near appellee's property for washing buggies, and in taking water therefrom. Appellant's allegation of ownership by adverse possession, put in issue appellee's allegation that he was the owner and in the actual possession of the described tract of land, and a specific denial of appellant's assertion of ownership of a part thereof was not necessary.

The petition for rehearing is overruled.