## Cockrell et al. v. Board of Trustees of Livingston Graded Common School District et al.

(Decided February 6, 1931.)

B. J. BETHRUM and R. BOONE BIRD for appellants.

J. J. FELTON and H. H. DENTON for appellees.

OPINION OF THE COURT BY HOBSON, COMMISSIONER— Affirming.

Certain taxpayers in the Livingston graded common school district brought this action on December 21, 1929, to enjoin the building of a new schoolhouse, which they alleged that the board had contracted with Tony Jones to build and that the contract so made created a liability beyond the revenue provided for the year. The allega-

tions of the petition were denied by the answer. Proof was heard, and on January 18, 1930, the petition was dismissed. The plaintiffs appeal.

The facts shown by the proof are these: An election had been duly held, and pursuant thereto school bonds in the sum of $12,000 had been issued and sold at par. This money had been deposited and interest thereon in the amount of $334 had accumulated, making the amount on hand $12,334. The board, looking forward to the erection of a new school building, had made levies larger than necessary for actual school expenses, and so had on hand from this source on December 1, 1929, $3,472.52, and there was a balance due on taxes for 1929 which was not collected, $3,350. In addition, the revenue provided for 1930 was $9,450, the school expenses were $6,400, leaving a balance of $3,050. And the salvage value of the old building was $700. These sums foot up $22,906.52. The contract amounted to $21,500 after taking off the walk and the heating plant which Jones was not to put in. The whole bid was $24,000.

As to whether there was a contract with Jones, the vice president of the board testified as follows:

"49. What is your contract price? A. We have no contract.

"50. How much did he bid for it? A. $24,000.

"51. You accepted his bid? A. No.

"52. How did he get his bid? A. We authorized him to go ahead and do certain work, and we would sign a contract later."

Tony Jones says this:

"17. Then you have the contract to build this building for $24,000 less the $2,450.00? A. No, I do not.

"18. Black said you did. A. Black told you that they told me to proceed with the excavation and the architects would sign the contract later.

"19. You were to get that job for $24,000 less $2,450.00 weren't you? A. They were to pay me under the architect's certificate and they have a right to stop me at any time."

The sum of the evidence for the defendants is that the board made no contract with Jones to build the house, but simply authorized him to begin its construction

according to plans and specifications and agreed to tell him from time to time what he was to do next, keeping at all times the amount due him for the work done within the revenue provided for the year. He had in fact only built the foundation for the house and put in the joists for the first floor at the time of the trial. The orders of the board so far as material are in these words:

"October 16, 1929:

"Tony Jones having submitted the lowest bid without any alternates was requested by the Board to submit his alternates to the Board within the next ten days."

"October 23, 1929:

"This being a call meeting for the purpose of considering Tony Jones' bid and letting contracts for the new schoolhouse. Motion made by J. A. Mounts, seconded by E. B. Owens that we omit the heating system alternate No. 2 of the school building which is $2,400.00, carried by all voting 'Yes.' Motion made by M. H. Owens and seconded by E. B. Owens, that we leave off concrete walks on both ends of the building, alternate No. 9, $50.00, carried by all present voting yes. Motion made by E. B. Owens, and seconded by J. A. Mounts, that we authorize Tony Jones to go ahead with excavations for a new school building as per blue print and specifications, and will sign contract later. Carried by all present voting yes,"

"November 21, 1929:

"Motion made by M. H. Owens, seconded by E. B. Owens that we authorize Tony Jones to proceed with work according to plans and specifications on school building payments to be made on architect's certificates. However, we are not to exceed the constitution limitation for the current year."

Section 157 of the Constitution provides:

"No county, city, town, taxing district or other municipality shall be authorized or permitted to become indebted, in any manner or for any purpose, to an amount exceeding in any year, the income and revenue provided for such year, without the assent of two-thirds of the voters thereof, voting at an elec-

tion to be held for that purpose; and any indebtedness contracted in violation of this section shall be void.''

The architect had made in detail separate estimates of the different parts of the work. While the orders are not drawn with technical precision, the proof shows that they meant and were understood by both parties to mean that Jones was to proceed with the work, but not to do any more parts of the work than the revenue provided for the year would pay for, and that he was proceeding with the work on this basis. The proof does not show that the board had created any indebtedness beyond the revenue provided for the year, that was legally enforceable.

Judgment affirmed.