## Francis et al. v. City of Bowling Green.

(Decided May 21, 1935.)

526

STOUT & HERDMAN for appellants.

LAURENCE B. FINN and FRANK DENTON for appellee.

OPINION OF THE COURT BY STANLEY, COMMISSIONER—Affirming.

The city of Bowling Green has caused a sewer system to be built under the revenue-bond plan authorized by section 2741l-1 et seq. of the Statutes, as amended by chapter 109, Acts 1932. The basic ordinance divided the city into seven districts, provided for the construction and the issuance and amortization of forty-year bonds in the amount of $630,000. The ordinance further provides that charges and rates shall be collected

from those served by the sewers sufficient to satisfy the bonds and maintain the system. A later ordinance, declaring the construction of the sewers to be a necessity for the protection of public health and promotion of the general welfare of the citizens, condemns as nuisances all surface toilets and like instrumentalities and requires that sewage shall be drained into the sewers or septic tanks or sanitary earth toilets. Failure to abate such nuisances and to comply with the requirements is declared to be a misdemeanor punishable by a fine for each day's disobedience. The ordinances and their provisions are substantially the same as those outlined in Nourse v. City of Russellville, 257 Ky. 525, 527, 78 S. W. (2d) 761.

A subsequent ordinance and amendment establish a schedule of flat graduated monthly rentals or charges to be paid for the service of the system, and in addition a rate based upon the quantity of municipal water used as indicated by the consumer's meter. For a failure to pay these rentals, the city may cut off the sewer connection. It is declared unlawful to use water furnished by the city for the purpose of flushing or depositing sewage into any hole in the ground, cesspool, tank, or stream, and such use of the water is declared to be a nuisance and misdemeanor, subjecting the offender upon conviction to have the water cut off from his premises until the nuisance is abated.

After the completion of the system many of those affected refused to comply with the ordinances. Some of them were brought before the police court of the city, but the judge refused to impose a fine because he was of the opinion the ordinances are invalid. Thereupon the city brought an original action in this court asking for a writ of prohibition directing the judge to hold the ordinances valid. We declined to take jurisdiction on the ground that there was an adequate remedy in the circuit court. City of Bowling Green v. Milliken, Police Judge, 257 Ky. 245, 77 S. W. (2d) 777. Thereafter this suit was brought against the appellants, whose property abuts on a lateral sewer, to enjoin the maintenance of an open toilet and to compel them to make physical connection with the sewer. A permanent injunction to that effect has been granted, and from that judgment this appeal is prosecuted.

In Wheeler v. Board of Commissioners of the City

of Hopkinsville, 245 Ky. 388, 53 S. W. (2d) 740, and in Nourse v. City of Russellville, supra, it was held that the establishment of sewer systems under the plan followed in Bowling Green was legal, and in the latter case that it was within the power of the city to condemn outside toilets as nuisances per se and to compel disposal of sewage through the system.

Although appellants submit that the Russellville Case is not a precedent because of certain differences in the ordinances and in the questions raised, yet the conclusion respecting the power of the municipality to require connection with the sewers and payment for the service to liquidate the cost of construction is vigorously questioned. It is contended that a municipality in the establishment of a sewer system is engaged in an enterprise of a private nature and must be regarded as a separate entity from the municipality as a governmental unit, and that, as such private or quasi-private corporation it has no police power. In City of Bowling Green v. Kirby, 220 Ky. 839, 295 S. W. 1004, it was held that in the construction and operation of waterworks and furnishing of water to the inhabitants, the city is engaged in a business that partakes of the nature of private industry and has the powers and rights that a private corporation would have, as distinguished from the exercise of a governmental function. In Board of Councilmen of City of Frankfort v. White, 224 Ky. 570, 6 S. W. (2d) 699, it is pointed out that the acts and engagements of a municipality are of three classes, viz., governmental, municipal and private, and the operation of waterworks is used as an illustration of a strictly municipal purpose as distinguished from governmental. There is no disposition to depart from these conclusions, nor to question here the argument that a private corporation has no police power or power to compel the use of its facilities. There is a controlling difference in the nature of the two enterprises—waterworks and sewers. As pointed out in Nourse v. Russellville, supra, there is not only statutory authority and police power delegated to the municipality by the state to abate nuisances of this kind and to punish those who may maintain them, but a power to protect the public health by the establishment of a system of sanitary sewers. It is a governmental function and enterprise. City of Madisonville v. Hardman, 92 S. W. 930, 29 Ky. Law Rep.

253; City of Princeton v. Pool, 171 Ky. 638, 188 S. W. 758; Id., 174 Ky. 185, 191 S. W. 865; Board of Councilmen v. White, supra.

This concept of governmental function destroys the strength of other arguments made by the appellants that the ordinances and bonds are invalid as offending section 157 of the State Constitution, which prohibits the creation of a contract indebtedness, since there is an obligation greatly in excess of the city's current annual income for the year in which the contract was made and the bonds executed. This argument is premised upon the broad terms of the ordinances requiring that all buildings shall be connected with the sewers and specifically providing that the city of Bowling Green shall pay service charges for the municipal buildings the same as individuals and private corporations. The aggregate of such rentals or charges (estimated as $750 annually) for the period of forty years is taken as the obligation and placed over against the estimated annual revenue for the current year, after deducting necessary governmental expenses. In Williams v. City of Raceland, 245 Ky. 212, 53 S. W. (2d) 370, and in Wheeler v. Board of Com'rs of the City of Hopkinsville, supra, the question here raised was decided upon the ground that the use of water, in the one case, and of the sewer in the other, was voluntary and optional on the part of the respective cities, and could not therefore be regarded as a binding contractual obligation for the entire life of the bonds. In looking to the present provisions, it must not be overlooked that section 157 of the Constitution applies to contract indebtedness and not to necessary governmental expenses or other liabilities imposed by law, and further that the sums the city may be required to pay over a series of years cannot be added together so as to make a present indebtedness of the entire aggregate any more than could all other future governmental and legally binding expenses to be currently incurred. These rentals, like those expenses, are payable only after the performance of the services and there is no way by which the payments may be precipitated. Hopkins County v. St. Bernard Coal Co., 114 Ky. 153, 70 S. W. 289, 24 Ky. Law Rep. 942; Lankford v. Burton, 167 Ky. 445, 448, 180 S. W. 784; Cockrell v. Board of Trustees of Livingston Graded Common School District, 237 Ky. 280, 35 S. W. (2d) 310.

530

In the Hopkinsville and Russellville Cases, it appears the ordinances were so drawn as not to make it expressly compulsory upon the city to connect its buildings with the sewers as in this Bowling Green ordinance; nor did either expressly require that the city itself should pay for such services out of current revenues. It does not seem to us, however, that this difference is material, for a municipality may not itself maintain a nuisance and has no immunity from legal processes compelling abatement. City of Madisonville v. Hardman, supra. City of Newport v. Commonwealth, 108 Ky. 151, 55 S. W. 914, 21 Ky. Law Rep. 1591; City of Princeton v. Pool, supra; City of Irvine v. Gallagher, 230 Ky. 347, 19 S. W. (2d) 968; City of Madisonville v. Nisbit, 239 Ky. 366, 39 S. W. (2d) 690.

Certainly these specific provisions requiring contribution to the cost of the system by the payment of monthly service charges by the city do not convert the bonds into obligations of the municipality as such and thereby create an indebtedness exceeding the limitations laid down in section 158 of the Constitution, prohibiting the assumption of bonded indebtedness of cities beyond the specified percentages of the assessable value of the property within its limits. The ordinance and the bonds themselves expressly declare that they are payable only out of the fixed proportion of the revenues of the sewer plant, which is pledged to the fund established for that purpose. The bonds go further and provide, "this bond does not constitute an indebtedness of the City of Bowling Green within the meaning of any constitutional provision or limitation." The statutes authorizing the construction of the system upon the plan adopted, as well as our several decisions interpreting the statutes, make it clear that the bonds are not payable out of the public treasury and are payble only out of the sewer income and secured solely by a lien on the system and its revenues.

Appellants make the plea that the compulsory payments are taxes and the city had already reached the maximum levy. The letter of the statutes authorizing construction of sewers upon the plan followed does not declare that the city may compel their use, but it seems to us that they impliedly do so. If that procedure is found to be necessary, the compulsion of payment cannot be regarded as a tax of the nature contemplated by

the limitations upon the tax rate. Such charges are for the use of a common or public facility. They are in the nature of street improvement assessments as the availability of a sanitary sewer enhances the values of property as does a good street. It therefore cannot be held that the consequent payment raises the tax rate.

The validity of the ordinances is challenged also upon the ground of discrimination in the establishment of the system. It is shown that sewers have not been built in certain parts of the city containing a substantial portion of the entire population. In the matter of classification there is nearly always a shadowy field or twilight zone where it is difficult to draw the line, and the legislative and judicial bodies can only do the best they can in placing a condition or act or commodity in the one or the other class. So it is that where there may be reasonable differences of opinion as to what is a nuisance, or whether a thing is a nuisance at one place and not at another, or remedial need exists here but not there, it is within the province of the reasonable discretion or judgment of the authority making the classification or declaration. While the record manifests conditions outside the several sewer districts that would seem to justify if not demand that such territory should be similarly served with sewers or other sanitary methods of disposal, doubtless the financial or economic limitations have impelled their exclusion. But, can one who is within the sewer district have the whole plan and indebtedness declared void, because, forsooth, his neighbor across the boundary was not brought within its territory as was he? The same might be said in regard to street improvements or other public betterments tending to enhance the value of property charged with their costs. We do not think the appellants are entitled to immunity upon this ground.

Another point raised is that the city has not been paying itself as trustee of the waterworks bonds for the water it has consumed in accordance with the terms of the statute (section 27411-12), and ordinance relating to the establishment of waterworks and the satisfaction of the bonds. The argument seems to be that the omission results in the escape from payment of proper charges for the city's sewer service, the charges, as stated above, being in part based upon the quantity of water used; hence the obligations of the citizens are increased. There

532

is some proof that the city has not paid sewer charges either. Dereliction of the officers of the city in this respect is far beyond the issue as to the validity of the ordinances, and consequently wholly immaterial. Adequate remedies are available for those aggrieved or injured by such recalcitrance.

It is shown in the record that the basis of rental charges is perhaps relatively excessive, if not confiscatory, in one or more extreme instances; but the appellants have not shown that the sums they would have to pay are confiscatory or so high as to deprive them of property without due process. It is immaterial here that there may be others who might successfully raise the question in their own particular cases.

The court has given full hearing and consideration of the entire matter of validity of the action of the authorities in this matter, and is of opinion that the ordinances are valid and enforcible; hence that the judgment is correct.

Judgment affirmed.

Whole court sitting.