# Louisville & Jefferson County Metropolitan Sewer Dist. v. Barker, County Judge, et al.

June 4, 1948.

J. Verser Conner for appellant.

Samuel Steinfeld for appellee.

OPINION OF THE COURT BY STANLEY, COMMISSIONER
—Reversing.

The question is whether Jefferson County must pay to the appellant sewer service charges for the court house, armory and other county buildings. The circuit court held it need not.

The statute empowers the Metropolitan Sewer District, "To fix and collect sewer rates, rentals, and other charges, for service rendered by the facilities of the district." KRS 76.080(10). This is repeated and made specific in KRS 76.090(1) declaring:

"Upon taking and assuming control of such exist-

ing sewer and drainage system the district is authorized to establish a schedule of rates, rentals, and charges, to be collected from all the real property served by the facilities of such district, and to prescribe the manner in which and time at which such rates, rentals, and charges are to be paid, and to change such schedule from time to time as the district may deem necessary, advisable or expedient.''

It is to be observed there is no express exemption of any class of property or users of the sewer system.

The County claims exemption under a general principle that no burden may be imposed by one unit of government upon another without specific statutory authority or consent. It also claims the County has acquired by prescription the right to the free use of the city sewers, since it has been using them without charge for more than a century. Another defense is that there is unjust and unconstitutional discrimination against the County because the City of Louisville and the independent city school district are not required to pay sewer charges.

The District contends that since these charges are not taxes but are rents for the privilege of using the facilities, the rule as to the denial of power of one government unit to impose a burden upon another has no application, and that this power is in fact contained in the express language of the statute. It denies an easement by prescription. The District claims it to be a valid and proper exercise of power to exempt the City and its Board of Education from these charges, since the City owns the system.

There is an irreconcilable conflict in the authorities generally as to the conditions under which one government or governmental agency may impose burdens of taxation or special or local assessments, which are of a kindred nature, upon public property owned by another government or agency. The extremes are, on the one hand, that there must be positive statutory power to do so; and, on the other, that such authority is deemed to exist unless there is a specific exclusion. The presence or absence of statutory authorization, various diverse conditions and other factors add to the confusion. See

48 Am. Jur., Special and Local Assessments, Secs. 84-89; Annotation, "Public Property as subject to special assessment for improvement." 90 A. L. R. 1137. On the general proposition, no definite legislative policy is discoverable in the Kentucky Statutes, for the several analogous municipal corporations and agencies and their respective operations or functions differ one from another in this respect. But we need not in this case tread our way through this welter of law, nor even consider our own cases on the point. See, for comparison, Mt. Sterling v. Montgomery County, 152 Ky. 637, 153 S. W. 952, 44 L. R. A., N. S., 57; and Logan v. City of Louisville, 283 Ky. 518, 142 S. W. 2d 161. The special assessments to which the doctrine generally relates are for the costs of construction of sewers, streets or similar public improvements. These are impositions which, though having some of the characteristics of taxes, are nevertheless distinguishable from those burdens because made for different purposes. They are not, therefore, necessarily governed by the same rules. We are not here concerned with that class. Nor, specifically, with a charge for the use of a public facility by individual or private corporations or serving private property, which is also in a different category. See Note, 127 A. L. R. 1374. The question we have is the existence or non-existence of power to exact payment of charges for services being rendered currently to public property or to collect what are called sewer rentals from that property. The instrumentality is operated and the service is rendered by an independent municipal corporation of limited powers, created by the joint action of the county of Jefferson and the city of Louisville under an enabling act. KRS 76.010 to 76.220; Veail v. Louisville & Jefferson County Metropolitan Sewer District, 303 Ky. 248, 197 S. W. 2d 413. Its revenue is derived solely from these collections and is devoted wholly to the maintenance and operation of the sewer system. It is said in Cooley on Taxation, Sec. 36: "Charges for service rendered or for conveniences furnished are in no sense taxes," but merely the price of a commodity. Here the price is based on the extent of use as measured by the quantity of metered water supplied by the Louisville Water Company, which is an independent corporate agency of the city itself. See Dolan v. Louisville Water

Co., 295 Ky. 291, 174 S. W. 2d 425. The similarity and analogy of this service to the furnishing of electricity and water have been often noted. Although the maintenance of sewers is a governmental function and the operation of water or electric power systems by a municipality is proprietary, at the same time, consideration must be given to the fact that no taxing power is exercised in either case. For delinquency in payment of charges for either service, no lien on the property results. The remedy is to cut off the service and collect the unsecured debt. In the usual case, as in cases of water and electricity, by using the facilities with knowledge of the rates the consumer, by implication, contracts and agrees to pay them; and like those for water and electricity these charges are made without discrimination for rendering a service in value equal to the established rates.

Considering the constantly expanding use of this scheme for maintaining municipal sewer systems, the absence of an opinion directly dealing with the question involved in this case, namely, the right to impose sewer service charges upon a governmental unit or agency, is surprising. In Francis v. City of Bowling Green, 259 Ky. 525, 82 S. W. 2d 804, the imposition of charges against the City Hall, along with other users of sewers, in order to liquidate revenue bonds for the cost of construction was noted; but it was not challenged. In Town of Port Orchard v. Kitsap County, 19 Wash. 2d 59, 141 P. 2d 150, the power of the town to charge the county for the use of its sewers by the court house was impliedly recognized. The case closest in point is Opinion of Justices, 93 N. H. 478, 39 A. 2d 765. The Supreme Court of that State answered an inquiry made by the Governor and Council as to whether a statute and ordinance, adopted under authority thereof by the City of Concord, establishing sewer rents, applied to the capitol and other property owned by the state. The statute and the ordinance are substantially the same in this respect as our Kentucky statute and the rules and regulations of the appellant, Metropolitan Sewer District. A difference is that the city of Concord to enforce collections was entitled to a statutory lien on any property served and to impose a jail sentence upon an individual. In advising the Governor and Council that the state

comptroller had authority to pay the bills, the court pointed out the distinction between a special assessment for the cost of construction and a charge for sewer service. It reasoned that the acceptance of the service by the State was optional and without legal obligation, just as that of water service, and that the acceptance raised an implied agreement to pay therefor; also that the discontinuance of the sewer service would disastrously affect the property served. That being so, the court ruled that the state officer had authority under a general statute to pay the bills, having accepted the service. The decision does not quite reach our present question. The court confined its decision to the question of authority to voluntarily pay for the service, and expressly refrained from expressing an opinion as to whether or not the state could compel the city to furnish the service without compensation or the city could compel the state to pay for such services.

The theory of an optional use of the sewers and a voluntary payment of the charges therefor does not strongly appeal to the reason. In reality, there is no choice. The use of sewers is indispensable, both as a matter of convenience and of avoiding a nuisance. There is, obviously, no suggestion in this case that Jefferson County can possibly do without the sewers which the District is maintaining.

The scope of power delegated by the Legislature to the District in this particular is all embracing. It is authorized not only to fix or establish a schedule of rates and charges, but to collect them "from all the real property served by the facilities." KRS 76.090(1). There is no exemption or exclusion of any property of the county. To say that the county's property is excluded we would have to read into the statute something that the Legislature did not put into it. As we have pointed out, sewer rental charges are not taxes or special assessments, but possess commercial characteristics. Therefore, there is no apparent reason to construe the completely comprehensive language as not meaning just what it says, under general conceptions of a lack of power of one governmental agency to impose burdens on another in the absence of a positively expressed right.

We have two precedents for this construction of the statutory provision. Both are on much narrower questions and one is very extreme. The statutes impose a State excise gallonage tax on all gasoline imported or sold for use within the state by "any person." They likewise impose heavy penalties for delinquency in payment. Since there is no exemption of any person or corporation, either public or private, the statute was construed to require the payment of the tax by a county board of education (which is strictly an arm of the State itself) upon gasoline used in school busses. Not only the tax but the penalties and interest were held to have been properly retained by the Commissioner of Finance from state school funds allotted the board of education. Board of Education of Kenton County v. Talbott, Commissioner of Finance, 286 Ky. 543, 151 S. W. 2d 42. That decision followed another holding that the City of Louisville was liable for the payment of the tax upon gasoline used in all of its vehicles. City of Louisville v. Cromwell, 233 Ky. 828, 27 S. W. 2d 377. Both decisions rest upon the language of the statutes and the absence of express exclusion of any kind or class. Cf. City of Bardstown v. Nelson County, 78 S. W. 169, 25 Law Rep. 1478.

The second point raised by the appellant is without merit. The same long use of the city's sewers by persons and private corporations without direct or specific payment therefor gave them no prescriptive right to continue without payment under this statute. This question was settled in Veail v. Louisville & Jefferson County Metropolitan Sewer District, supra, 303 Ky. 248, 197 S. W. 2d 413, 415.

We need not decide whether the exemption by the District of property of the City from sewer service charges is authorized or is under a proper classification. See Louisville & Jefferson County Metropolitan Sewer District v. Joseph E. Seagram & Sons, 307 Ky. 413, 211 S. W. 2d 122. If there is anything unlawful or unauthorized about exempting the City and the Board of Education from the payment of these charges, the objection may be raised in a proper proceeding; but the collateral attack made here cannot be sustained by the County as legal justification for its own exemption. Though the District has properly exempted the City

and the Board of Education as being in a classification different from private property, as the County says, and therefore it should be treated the same way, the County shows no cognizable prejudice, such as that it results in increasing its burden, which entitles it to be relieved of its own liability. Francis v. City of Bowling Green, 259 Ky. 525, 82 S. W. 2d 804. See also Strand Amusement Company v. Commonwealth, 241 Ky. 48, 43 S. W. 2d 321.

The judgment is reversed for consistent proceedings.