LONG RUN BAPTIST ASSOCIATION, INC.; Cebert C. Blaire; Jefferson County Farm Bureau, Inc.; and Carl Dreisbach, Inc., Appellants,

v.

LOUISVILLE AND JEFFERSON COUNTY METROPOLITAN SEWER DISTRICT; Comprehensive Storm Water Drainage Authority; City of Louisville, Kentucky; Board of Aldermen of the City of Louisville; Jefferson County, Kentucky; and Fiscal Court of Jefferson County, Kentucky, Appellees.

No. 88–CA–1242–MR.

Court of Appeals of Kentucky.

June 23, 1989.

Case Ordered Published by Court of Appeals Aug. 18, 1989.

Gary L. Napier, Louisville, for appellants.

Laurence J. Zielke, Lawrence L. Pedley, Michael W. Lowe, Frank G. Simpson, III, Louisville, for Louisville and Jefferson County Metropolitan Sewer Dist., and Comprehensive Storm Water Drainage Authority.

James K. McCrorey, N. Scott Lilly, Louisville, for Fiscal Court of Jefferson County, Ky.

Winston E. King, J. David Morris, Louisville, for City of Louisville.

Before GUDGEL, LESTER and WILHOIT, JJ.

GUDGEL, Judge:

This is an appeal from a judgment entered by the Jefferson Circuit Court. Appellants contend that the court erred by granting a summary judgment, by adjudging that a certain drainage charge collected by appellees is not a tax, by adjudging that the charge does not violate KRS 76.090 and by failing to certify this action as a class action. We disagree with all of appellants' contentions. Hence, we affirm.

On October 5, 1987, appellants filed a declaratory judgment action challenging the constitutionality of a "service charge" imposed to fund the storm water drainage program developed by Louisville and Jefferson County Metropolitan Sewer District (MSD) in cooperation with the city of Louisville and Jefferson County. The charge, which was implemented on January 1, 1987, is $1.75 per month for single and two family residences and $1.75 per 2,500 square feet of impervious surface for commercial and industrial property.

The comprehensive county-wide drainage program was the culmination of several years of public hearings, enactment of rate schedules, annexations, ordinances and resolutions. In 1984 MSD appointed a committee to develop a plan and finance package to address water quality issues in Louisville and Jefferson County. In its final report, the committee proposed the establishment of a single authority to be responsible for maintaining and improving the county's storm water drainage facilities with revenues for its operation to be derived from user fees. Thereafter, pursuant to the Interlocal Cooperation Act, KRS 65.-210–300, the city of Louisville and Jefferson County transferred custodianship of their drainage facilities to MSD, and MSD was designated as the responsible agency for flood and storm water drainage services.[1]

Appellants sought to certify this action as a class action, which the court denied pending further discovery. Thereafter appellees filed motions for summary judgment. On April 26, 1988, the court entered a summary judgment in favor of MSD, and on May 9 entered a summary judgment in favor of the city of Louisville and Jefferson County. The court adjudged that the charge collected for storm water drainage services was not a tax, that the classification of the users of the system was reasonable and that the charge was uniform in its application. Furthermore, the court determined that appellant Long Run Baptist Association, Inc., had no constitutional exemption from the payment of such charges. This appeal followed.

■ First, appellants contend that the court's summary judgment was "premature and inappropriate." Specifically, appellants suggest that because the court denied their motion to compel MSD to answer certain interrogatories, evidence establishing issues of material fact was in the exclusive possession of appellees. MSD, on the other hand, maintains that at the time it filed a motion for summary judgment, on January 22, 1988, it "shouldered the initial burden of establishing the apparent non-existence of any issue of material fact," *Mooser v. Mason*, Ky., 416 S.W.2d 355, 357 (1967), and that it was then incumbent on appellants to submit countervailing evidence. We agree.

In granting summary judgment the court determined that MSD "made a sufficient showing of a lack of a genuine issue of material fact on the crucial issue under consideration." *Blue Cross and Blue Shield of Kentucky, Inc. v. Baxter*, Ky. App., 713 S.W.2d 478, 479 (1986). As we see it, the crucial issue here was whether the service charge collected by MSD is a tax. Although other issues of fact may have existed, they were not material, relevant, or essential to resolving the crucial

---

**1.** Legislation (Senate Bill No. 377) was introduced before the 1986 General Assembly to streamline the process for making MSD responsible for a county-wide drainage program. This would have avoided the necessity of MSD having to annex areas and having to contract independently with cities of the fourth class. When this proposed legislation was not enacted into law, an Interlocal Agreement was opted for instead.

issue. We conclude, therefore, that summary judgment was proper.

■ Next, appellants argue that the court erred by adjudging that MSD's service charge is not a tax. We disagree. There is no dispute that pursuant to KRS 76.090 MSD can establish and impose charges for services rendered. However, MSD has no power to levy taxes. KRS 76.140. Indeed, taxation is a legislative function which if delegated to MSD would violate Sections 27 and 28 of the Kentucky Constitution. Therefore, if MSD's drainage charge is determined to be a tax, it must be adjudged to be illegal.

A tax is universally defined as an enforced contribution to provide for the support of government, whereas a fee is a charge for a particular service. *Dickson v. Jefferson County Board of Education*, 311 Ky. 781, 225 S.W.2d 672 (1950). Appellants contend that MSD's charge has no rational relationship to a benefit received and, therefore, is a tax.

MSD was created under an enabling act. Acts of 1946, Ch. 104, now Chapter 76. In *Veail v. Louisville and Jefferson County Metropolitan Sewer District*, 303 Ky. 248, 197 S.W.2d 413, 418 (1946), the supreme court held the Act to be constitutional and stated that "the Act provides for no tax whatever. Charges for sewer service are not taxes anymore than are bridge tolls or water rents." Although the court in *Veail* was concerned only with sewer charges, it nevertheless upheld the constitutionality of the Act which provides for the district "[t]o have jurisdiction, control, possession, and supervision of the existing sewer *and drainage system.*" KRS 76.080. Rates, rentals and charges are governed by KRS 76.090(1) which provides that "[t]he district may establish a schedule of rates, rentals and charges, to be collected from all the real property within the district area *served by the facilities of the district ....*" Furthermore, KRS 76.100 provides that the district has the duty "to rehabilitate, construct, improve and extend any sewer *and drainage systems ....*" (Emphasis added.)

Appellants dismiss the cases relied on by appellees and the court as being of little benefit because they are cases in which sewer fees, not drainage fees, were upheld. Appellants contend that the benefits derived from sewers are capable of accurate measurement and are clearly different from the benefits derived from storm water drainage facilities, which they allege are incapable of measurement. Appellants urge that the benefit from the drainage system is an indirect benefit, similar to the indirect benefit citizens receive from fire protection, and therefore that the charge imposed by MSD is a tax in disguise.

Further, appellants argue that there are some property owners who receive no benefit from the plan because they have constructed their own system or because the storm water run off drains from their property directly into the Ohio River. However, similar arguments were presented and rejected in *Curtis v. Louisville and Jefferson County Metropolitan Sewer District*, Ky., 311 S.W.2d 378 (1958), where property owners argued that KRS 76.260 (which was later repealed) was unconstitutional because it established a conclusive presumption that all land within a designated surface drainage improvement area would receive some benefit. Because some property was at an elevation high enough to provide a vested right to the free flow of surface water, property owners argued that such property could not be benefited by the improvement. The court disagreed.

> We think that in the case of a surface drainage improvement area, any property that geographically is a part of the watershed or drainage basin may properly be considered to be benefited by the project through the general improvement of conditions of health, comfort and convenience in the area and the resulting general enhancement of values in the area. The circuit court held that all property in the area could be deemed to be benefited, and we affirm that holding.

*Id.* at 382.

Appellants rely heavily on *West Tennessee Flood Control & Soil Conservation District v. Wyatt*, 193 Tenn. 566, 247

S.W.2d 56 (1952), to support their contention that MSD's drainage plan is unconstitutional. In *Wyatt* the Supreme Court of Tennessee struck down as unconstitutional a statute which provided for the appointment of a commission to manage and control the West Tennessee Flood Control and Soil Conservation District and authorized the commission to make "special assessments" against the land within the district which was benefited and "to provide revenue for the operation of said District." *Id.* 247 S.W.2d at 57. Pursuant to this statute, the commissioners levied a charge of fifty cents per acre for the year 1950 upon lands located within the drainage area. The landowners sued. The court held that the statute was an unlawful delegation of the taxing power because the statute provided that the assessment could be used for general purposes or for a purpose which bears no relation to projects designed to benefit lands lying within a particular drainage district. Similarly appellants maintain that revenue raised from MSD's drainage charge is used for general government functions, not to benefit the land sustaining the burden. We find nothing in the record to support this contention, however. Appellees, on the other hand, cite us to two cases wherein drainage charges similar to the charge imposed by MSD were upheld. *Teter v. Clark County,* 104 Wash.2d 227, 704 P.2d 1171 (1985); *Zelinger v. City and County of Denver,* 724 P.2d 1356 (Colo. 1986).

Since Chapter 76 clearly gives MSD express authority to impose a service charge to fund its comprehensive county-wide drainage system, and our supreme court has held Chapter 76 to be constitutional in all respects, *Veail, supra,* we affirm the trial court's ruling that the charge at issue is not a tax.

■ Next, appellants argue that the service charge is not uniform and therefore violates KRS 76.090 and the equal protection clause of the Constitution. KRS 76.-090(1)(d) provides that the schedule of rates, rentals, and charges "may be determined by the district on any basis or classification which the district determines to be fair and reasonable, whether similar or dissimilar to those enumerated [in KRS 76.-090(a–c)], except that the schedule shall be uniform for all residential property." In addition, KRS 76.090(2) provides that the "schedules shall be uniform for all property falling within the same classification."

Appellants contend that a uniform charge would require that each property owner pay a flat rate on the actual amount of impervious surface of his property. MSD's service charge was applied to two classes of property: class A being one and two family residential properties and class B being all other developed property. The basis for the rate structure selected by MSD was the "ESU" approach. An ESU or equivalent service unit is the measure of impervious ground cover for a typical single family residential property and is used by MSD in assessing the drainage service charges for each parcel of property. MSD charges $1.75, which represents 1 ESU, for each single and two family residence and 1 ESU per 2,500 square feet of impervious surface for commercial or industrial property. Contrary to appellants' argument, we agree with the trial court that this is a reasonable and rational classification and that it is uniform for all residential property.

Indeed, in *Louisville and Jefferson County MSD v. Joseph E. Seagram and Sons,* 307 Ky. 413, 211 S.W.2d 122 (1948), a similar case, our supreme court held that MSD could properly charge property owners outside the city 50% more than it charged for similar service inside the city. "[A] system of classification founded upon a natural and reasonable basis, with a logical relation to the purposes and objectives of the authority granted, does not offend the principle of equal rights under law." *Id.* 211 S.W.2d at 125; *Zelinger,* 724 P.2d at 1359–60.

Lastly, appellants contend that the court erred in failing to certify this action as a class action. We disagree. On December 10, 1987, the court entered an order which denied appellants' motion to certify this action as a class action "at this time to allow the defendants to take depositions

**524**

within 60 days." This is the only order entered regarding class action certification, and appellants never renewed their motion to certify the action as a class action. However, since we have determined that summary judgment was proper, any issue of whether the court abused its discretion by failing to certify this action as a class action is moot.

In summary, we hold that *Veail* is controlling. Chapter 76 gives MSD broad powers to charge for services rendered in regard to wastewater, sewer, and storm water drainage facilities. Indeed, MSD has had the authority to charge for services it provides in regard to storm water drainage since its inception. However, until January 1, 1987, MSD did not separate storm water user fees from wastewater user fees. This was because MSD did not undertake to comprehensively deal with storm water drainage and flood control. Appellees state that during 1987 more than $7 million was expended or obligated by MSD to provide drainage and flood control services and a like amount was collected in fees. As noted earlier, we are of the opinion that the drainage service charge is not a "method of general revenue" and, therefore, is not a tax. Furthermore, we are convinced that MSD's facilities serve to benefit all property owners in the district, and the relevant authorities clearly support our decision. *Louisville and Jefferson County Metropolitan Sewer Dist. v. Barker*, 307 Ky. 655, 212 S.W.2d 122 (1948); *Sanitation District No. 1 of Jefferson County v. Campbell*, Ky., 249 S.W.2d 767 (1952); *Board of Education v. Lexington–Fayette Urban County Government*, Ky.App., 691 S.W.2d 218 (1985); *See also Louisville and Jefferson County MSD v. Simpson*, Ky., 730 S.W.2d 939 (1987), *cert. denied*, 484 U.S. 964, 108 S.Ct. 453, 98 L.Ed.2d 393 (1987).

The court's judgment is affirmed.

All concur.